Harrell vs. Tenant, Walker & Co.

---

HARRELL vs. TENANT, WALKER & Co.

1. PRACTICE:
   Where motion to strike from the files is overruled, the objection is waived by filing an answer.
2. CONSIDERATION: *Surety.*
   Antecedent indebtedness is a good consideration to support a new note, as to one who signs the note as a surety.

APPEAL from *Madison* Circuit Court.

Hon. JAMES. H. BERRY, Special Judge.

*E. Harrell*, appellant.

Every action must be in name of the real party in interest. Code, sec. 25; Initials not sufficiently specific.

As to answer No. 3, see *Williams et als.*, v. *Perkins*, 21 Ark., 18.

ENGLISH, CH. J.:

Tenant, Walker & Co. sued Elias Harrell on a note, before a justice of the peace, and the case was taken by appeal, after judgment, to the Circuit Court of Madison county.

In the Circuit Court, the plaintiff filed an amended complaint, which the defendant moved to set aside, because the initial letters of the christian names of the plaintiffs only were given, and not their full names, and because no profert was made of the note sued on, etc., and because there was a variance between the note and the complaint.

The court overruled the motion to set aside the amended complaint, and the defendant filed two answers. Answer number one, as it is designated in the transcript, was struck out because not sworn to, etc., and a demurrer was sustained to answer number two.

The defendant declined to plead further, judgment was rendered against him on the note, and he appealed to this court.

*First*—The appellant insists that the christian names of the appellees should have been set out in the amended complaint, and that it was not even good Code pleading for them to declare by the initials of their christian names. If this objection was well taken, it was certainly waived by filing two answers in bar.

*Second*—Answer number one, containing two paragraphs, was stricken out for want of verification, etc., and not brought back upon the record by bill of exceptions, and though copied in the

transcript, is not properly before us. *Pelham* v. *Page*, 6 Ark., 537.

Answer number two is as follows:

"The undersigned, Elias Harrell, for answer to the complaint herein, says that he believes there was a consideration long since passed between the plaintiffs and the principals on said note, Richard Johnson and Ozias D. Johnson, but that neither before, nor at the time of signing said note, was there any consideration whatever passed between this defendant and said plaintiffs; that said note, as this defendant believes, was given by said Johnsons upon consideration of said old indebtedness, and this defendant did not ask for further time, nor did said plaintiffs otherwise pay any consideration to this defendant, therefore he prays judgment," etc.

If the Johnsons thought proper to give their note to the appellees for an old debt, and appellant thought proper to sign the note as their surety, the old debt was a sufficient consideration to uphold the note against both principals and surety.

If the Johnsons had made the note and delivered it to appellees for the old debt, and afterwards they had induced appellant to sign it without consideration, it might perhaps have been invalid as to him. But such is not the case made by the answer.

Appellant complains that he put in answer number three, and that the court below took no notice of it, but we find but the two answers in the transcript.

Judgment affirmed.