Platt v. Snipes.

3. Supersedeas refused. Remedy,

By failing to appeal, he waived his exemption.

Affirmed.

## PLATT v. SNIPES.

1. NOTES AND BILLS : *Accommodation endorsers : Consideration : Fraud.*

Mrs. Moreland as executrix of her deceased husband, by the advice and at the request of Lovejoy of the firm of Lovejoy & Co , sold a portion of the property of the estate to pay an account of $200 which the firm had against her husband ; Lovejoy agreeing to buy enough to pay the account. At the sale Lovejoy purchased to the amount of the account and took the property purchased in full discharge of the debt. He then let ·Hinton take it, between whom and the firm there was a private arrangement that he should execute his notes to her for the property. This was done, and she then indorsed them to the firm at the request and by the advice of Lovejoy in whom she placed implicit confidence, and to whom she looked for advice. She did not know Lovejoy's object in putting it in that shape, and neither he nor she intended anything but to give the firm the right to collect the notes from Hinton without making her in any way responsible, and solely for the benefit and accommodation of the firm. Afterwards, Lovejoy died and the surviving partner sued on her

endorsement. HELD : That the facts were a good defense at law ; the endorsement being without consideration and for the accommodation of the endorsees :—also a good defense in equity, being a fraud in the surviving partner to abuse the confidence reposed in Lovejoy ; and her expression of concern on hearing of the failure of Hinton to pay the note, and asking indulgence from the firm, in ignorance of her rights, ought not to estop her.

2.  SAME :    *Endorsement : Want of consideration for.*

Want of consideration for an endorsement is a good defense to a suit on it by the endorsee where no new credit is given by him to the maker of the bill or note, or any former party, on account of the endorsement, and where no considerations moved the endorser.

APPEAL from *Lonoke* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*George. Sibly* for appellant.

1.   The term "*protest waived*" has by general usage a legal signification which includes all those acts which by law are necessary to charge an indorser.   *Parsons on Notes &c., Vol.* 1, 578 : 1 *Comstock N. Y.* 186 : 3 *Denie* 16.   It is a technical term to dispense with protest, notice of demand and non-payment, &c.

2.   A note endorsed after due is payable on demand. 14 *Ark.* 336.   The indorsement in blank by the payee of a non-negotiable note authorizes the holder to write over it a guaranty.   The note in this case comes within the rule in *Edwards on Bills and Notes,* 650—3.   Mrs. S. not entitled to notice, Ib. 633—6, supposing she had not waived it.   But having waived it, she cannot complain.   2 *Burrell's Law Dict.* 349. *Title Protest :* 10 *Reporter* 820.

See also *Smith's Merc. Law p.* 322 : 13 *Reporter* 602 : 14 *Id.* 734 : 14 *Id.* 728 ; *Story on Notes p.* 68, *Sec.* 63 *p.* 109, *Sec.* 104, *p.* 125, *Secs.* 117 *and* 118 *and notes : Ib. Sec.* 128

*and notes, Sec.* 148 : *Broom's Leg. Max.* 626 ; *Edwards on Bills and Notes Sec.* 248—261 ; *K'y Law Journal,* 335.

EAKIN, J. In a suit, by attachment, before a justice of the peace, Platt as surviving partner of Geo. F. Lovejoy & Co., recovered a judgment against defendant Mary A. Snipes, (formerly Moreland) upon two notes; which, with their endorsements, are as follows :

$99.58. One day after date I promise to pay to M. A. Moreland, ninety-nine and 58-100 dollars, for value received, with interest at ten per cent. per annum, from due. This the 29th day of Decemb. 1871.

J. L. HINTON [se .l].

Endorsed " MARY A. MORELAND."

" For value received I assign the within note to Geo. F. Lovejoy & Co. protest waived. This 1st day of January, 1872. MARY A. MORELAND."

$110.00. One day after date I promise to pay to M. A. Moreland executrix of the estate of L. H. Moreland deceased or order, one hundred and ten dollars, for value received, with interest at ten per cent. per annum, from due. This 29th day of Dec'r 1871.

J. L. HINTON. [SEAL.]"

Endorsed.

" For value received I assign the within note to Geo. F. Lovejoy & Co. MARY A. MORELAND."

" Protest waived. MARY A. MORELAND."

The defendant appealed to the Circuit Court, where, upon a trial by jury, there was a verdict in her favor. A motion, by plaintiff for judgment, *non obstante veredicto,* was overruled. Also a motion for a new trial. A proper bill of exceptions was taken and the plaintiff appeals here.

The complaint, which is in writing, sets forth the notes with their endorsements; and makes the allegations which are usual in an action against an endorser.

1. ACCOMMODATION ENDORSERS: Consideration: Fraud.

The defendant is the executrix of the will of her deceased husband, Moreland, who died indebted, by open account, to the firm of Lovejoy & Co. She states, in her answer, that Geo. F. Lovejoy was the active business manager of the firm, and advised her to sell some of the personal property of the estate to pay this account; that he agreed, in behalf of the firm, to become the purchaser of an amount sufficient for the purpose; that, relying upon that advice and promise, she made a sale of a considerable quantity of personal property; and that Lovejoy purchased for the firm, to the amount of $209.58 "which amount he took, and accepted, and received, in payment in full, and in liquidation of the claim of the said indebtedness of Geo. F. Lovejoy & Co. against the said estate."

She proceeds, then, to explain the execution and transfer of the notes, saying; that there was a private arrangement between the firm and one J. L. Hinton, to which she was not a party, and in which she had no interest as executrix, or individually, that the purchase was made by the firm for the benefit of Hinton; and it was arranged that he was to execute two notes for the property, one to herself individually, and one to her as executrix, which are the notes sued on; that Hinton was not in fact the purchaser at the sale; that the matter was put into that shape at the request of said Geo. F. Lovejoy in whom she reposed implicit confidence, and to whom she looked for advice. It was done wholly at his instance and for the benefit and accommodation of his firm. That she would not have extended credit to Hinton, or taken his notes for the property without security. All that she in-

Platt v. Snipes.

tended, or that said Geo. F. intended, was to pass to the firm the right to collect the notes'from Hinton, without making herself in any respect liable. It was all done after said firm had purchased the property. Hinton did not buy it. She did not know then nor does she know now, why said Geo. F. desired the matter put in that shape. She knew nothing about law or business, but reposing implicit confidence in Lovejoy, she yielded to his request without questioning his reason.

She sets up in another paragraph, her marriage with Snipes pending the suit, whereby, as she contends, it was abated. She does not appeal, however, and that need not be considered. The cause was tried upon its merits.

She pleads, further, want of demand and notice; and also, amongst other things, that she only wrote on the papers "protest waived," and signed it, and that the other portions of the endorsements were added. It may be said in passing that this would not vitiate them, as an endorser in blank gives any holder the right to fill up the blank with all that is legally implied by a blank endorsement, though not with any special provision affecting the general rights of an endorser according to commercial law and usage. He may make the endorsement special to himself, as payee, for instance, for that privilege is implied.

There was enough in this answer to constitute a good defense, if not at law, certainly at equity. It was a plea by one endorsing for the accommodation and convenience of the *indorsee*, that there was no consideration for the contract. This may be done in a suit between the immediate parties to the contract of endorsement, where no new credit is extended by the indorsee to the maker, or any former party, on account of the endorsement, and where no consideration moves the endorser.

2. ENDORSEMENT: Want of Consideration for.

" That is to say," says Mr. Daniels in his work on negotiable instruments Vol. 1st p. 146, "between the immediate parties to any contract evidenced by the drawing, accepting, making, or *indorsing*, a bill or note, it may be shown that there was no consideration; or that the consideration has failed; or a set off may be pleaded; but as between other parties, *remote to each other*, none of these defenses are admissible." The plea is substantially this, that after the agreement to dispose of the goods to Lovejoy & Co. had been carried into effect, and the goods had been in effect appropriated to the debt, Lovejoy & Co. were minded to let Hinton have the benefit of the purchase, and, to subserve their real or supposed convenience, induced the defendant to put the matter in this shape, so that they might sue Hinton if necessary, as the assignees of herself and of the estate of Moreland. If the plea be true, she derived no advantage from that, and none was meant for her. The plea was good at law.

Beyond question it was a good equitable defence, being a clear case of confidence reposed and abused, by a partner of the firm which seeks to reap the fruits of the transaction. It is due to the memory of Geo. F. Lovejoy, however, to add that the defendant absolves him of fraud. He is now dead. He meant doubtless what he was supposed to mean. The fraud would be in allowing the surviving partner to convert into an abuse of confidence, what was intended to be in good faith. There was no motion by either party to go over to the equity side. The cause was tried by a jury on its merits, and there is no room now for a motion for judgment, *non obstante*. If the facts set up in the answer be true there is no cause of action left. Questions affecting consideration as well as questions of fraud admit of parol testimony. It is unnecessary to enquire whether a waiver of *protest*

in this case meant a waiver of *demand and notice*, or what it did mean. If there were no consideration, or if the enforcement of the contract would be inequitable, the defense would be still good if demand and notice had been expressly waived.

The court on request of the plaintiff properly instructed the jury, that the endorsement imported a consideration, and that the onus was on the defendant to show there was none; also, what if not strictly correct was in his favor, that if the defendant endorsed the notes when past due, and waived protest, no notice of demand and non-payment was necessary; and that if defendant received any consideration or benefit from the notes endorsed, or, if the endorsement was made for a consideration, she would be liable.

None of the instructions, save one, asked by the defendant were given. What that was we must partly conjecture, as this whole transcript was a remarkably careless one, full of repetitions and omissions. It is sufficiently clear however, that the court meant to say, that if the defendant should be found to be a mere endorser of past due notes, and the plaintiff or holder *failed to apply* within a reasonable time for payment, (unless such presentation was waived), and give notice to the defendant of non-payment, she became thereby discharged from all liability. There is some obscurity in the meaning and intended application of this instruction, unless it be considered as purely abstract. The defendent was not a *mere* endorser, in the sense of being an endorser in blank. She had waived protest, which the court had already told the jury dispensed with the necessity of demand and notice.

The evidence tends to support the position of defendant taken in her answer. The jury could not under the

instructions have based their verdict upon any idea that demand and notice were necessary. It follows that it must have been found upon the defense of no consideration, or the equitable considerations springing from the confidential relations between herself and Geo. F. Lovejoy. In neither case should it be disturbed.

Assuming the facts, which we must suppose the jury found, the verdict commends itself to every one's sense of justice. The debt was not Mrs. Moreland's. She might have required it to be probated, but was willing to give up effects of the husband to save trouble. If that were wrong it does not look well in the firm to complain. Other creditors or distributees might. In strict law she might and should have taken Hinton's notes secured, and would have been bound only to pay over the proceeds upon order of the court, without any personal liability on her own part. She was induced to give up goods enough to pay the debt, and the firm let Hinton take them. To accommodate the firm she put the matter in the shape of a sale to Hinton, without any care for security, or any possible benefit to herself. Her endorsement was gratuitous, in compliance with trusted advice. She afterwards, on being advised that Hinton had not paid, wrote a letter to the firm, expressing concern, and begging favor. It would be hard on the woman, to allow her to suffer, from natural expressions of apprehension springing from ignorance of her rights.

Affirm.