## Frank W. Ruffner

### v.

## John W. Love.

*Sales—Guaranty of Payment by Third Person—Acceptance—Evidence —Instruction.*

1. Where there is a mere proposal by one to guarantee the performance of an undertaking by another if credit be extended to such other, the contract of guaranty is not complete till the credit is extended and notice given of the acceptance of the guaranty.

2. Such notice need not be given in writing, or be in any particular form, but may be inferred by the jury from facts and circumstances warranting the same.

3. In an action brought for the recovery of the price of certain goods alleged to have been sold third persons on the strength of a guaranty given by the defendant, this court holds that on account of the giving of an erroneous and misleading instruction the judgment for the plaintiff can not stand.

[Opinion filed October 28, 1889.]

In error to the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Gartside & Leffingwell, for plaintiff in error.

Messrs. Hoyne, Follansbee & O'Connor, for defendant in error.

Moran, J. This action was brought to recover against plaintiff in error for goods sold to the firm of Ruffner & Somes, on a guaranty alleged to have been made by plaintiff in error. The entire evidence in the case consisted of the deposition of defendant in error, and certain letters and a statement of accounts attached to said deposition as exhibits. The Ruffner who was a member of the firm of Ruffner & Somes, was a son of the plaintiff in error. Prior to the formation of said firm, plaintiff in error had been, it seems,

carrying on a cigar business, and had been dealing with Love, the defendant in error. January 11, 1882, Love had a conversation with plaintiff in error, W. F. Ruffner, at the store of Ruffner & Somes, in Chicago, in which said Ruffner desired Love to sell Ruffner & Somes cigars, and said that if Love would give them a line of $5,000, he would be responsible for the amount, and if they at any time failed to pay any portion of their indebtedness to Love, he would pay it himself, and also said that he was leaving his capital in the concern of Ruffner & Somes. It does not appear that there was any further attention paid by either party to this talk, though from the account it appears that Love commenced to sell goods to Ruffner & Somes on said January 11, 1882, and continued through several months thereafter, till the termination of the dealing between them. It is shown, we think very clearly, that the goods sold by Love to the firm during the months of January, February and March, 1882, were not sold on the credit of F. W. Ruffner, as we find written at the foot of an order for a bill of goods sent by Ruffner & Somes to Love, dated April, 1882, the following, bearing date April 8, 1882 : "I will be responsible for above order. F. W. Ruffner."

There was introduced in evidence by Love to sustain his claim of guaranty, the following :

A letter dated Chicago, April 3, 1882, as follows :
" JOHN W. LOVE, ESQ.:

" I shall leave my capital in Ruffner & Somes until further advised; in meantime will be responsible for $4,000 for them from this date.

"Yours respectfully,

"F. W. RUFFNER."

A letter from Love to Ruffner & Somes as follows:
"NEW YORK, June 1, 1882.

"MESSRS. RUFFNER & SOMES, Chicago, Ills.

"*Gentlemen:*—I have at hand your order through Mr. Richey, for 5 M 'Princess' 1-40 with bands at $65; 5 M 'Princess' 1-40 without bands at $62.50, and 5 M 'Opera' at $30, to be shipped at once, and 5 M 'Princess' 1-20 at $61, and 5 M 'Calcutta' at $51, to be shipped June 10th to 15th.

Ruffner v. Love.

I telegraphed you last evening that I would ship your order and write you fully to-day. I will ship the 5 M 'Princess' with bands, and 5 M without bands, and 5 M 'Opera' this p. m., or to-morrow morning, and others at time specified.

"Now gentleman, I am willing to renew my offer to give you a $5,000 line of credit (and go in to stay this time) upon the conditions agreed upon between yourselves and Mr. Richey, which are, as I understand them, as follows: I am to supply you with such brands or grades of goods, 'Princess,' 'Gibralter,' 'Calcultta' and 'Opera,' to the amount of $5,000, on the regular terms of four months' acceptance, or cash, less 4 per cent, if you should at any time desire to discount your bills, and Mr. F. W. Ruffner is to give me an agreement in writing that he will be responsible to me for purchases which you may make from me, to the amount of $5,000, and that he will not guarantee or make himself responsible for your indebtedness to any other parties besides myself. Please request Mr. F. W. Ruffner to send me an agreement to that effect, and I will return his previous agreement dated April 3, '82. You may rest assured that I will try to perform my part well by giving you the very best goods I possibly can.

"Very truly yours,
J. W. Love."

A further letter from Love to Ruffner & Somes, as follows:

"New York, June 12, 1882.

"Messrs. Ruffner & Somes, Chicago.

"*Gentlemen:*—I have not as yet heard anything from Mr. F. W. Ruffner in regard to the guaranty which I desire him to give me, about which I wrote you fully on the 1st inst.

"Very respectfully,
"Jno. W. Love."

The above was inclosed in a letter from Ruffner & Somes, and returned to Love, with the following written on the same paper underneath what Love had written:

"Chicago, June 20, 1882.

"Jno. W. Love, Esq.

"*Dear Sir:*—I have been in the country for some time, and

on my return find the above letter.  I propose, as I said at
first, to be responsible for Ruffner & Somes for four thousand
dollars ($4,000) and no more.

                              "Very resp'y,
                                    "F. W. RUFFNER."

A letter from Ruffner & Somes was:

                              "CHICAGO, June 20, 1882.
"JOHN W. LOVE, ESQ.

    "No. 5, Rivington St., New York.

    "*Dear Sir:*—Enclosed we hand you guaranty from F. W.
Ruffner, Esq., for $4,000 for our account.  This we could
not send you sooner on account of his absence.  He has not
nor will not guarantee our acc't with any one else excepting
yourself.

    We are much in need of the Calcutta ordered, and would
thank you to hurry them as much as possible.

                              Yours truly,
                                    "RUFFNER & SOMES."

Ruffner & Somes continued to deal with Love till October
28, 1882, having purchased in all upward of $8,900 dollars
worth of goods, and paid on account from time to time, some-
thing over $7,300 leaving a balance due Love of $1,508, to
recover which this action was brought.

No communication, verbal or written, having reference to
this account, took place between Love and F. W. Ruffner
from the letter of June 20, 1882, till February 20, 1886, when
a copy of the account was sent to Ruffner by Love, with a
demand for its payment.  There was a verdict and judgment
for the claim in the Superior Court, and Ruffner has brought
the record to this court and assigns several errors.

The question presented is whether the written guaranty
signed by F. W. Ruffner, and dated June 20, 1882, became
binding upon him without notice to him of its acceptance
by Love.  That guaranty is in form personal and is so
expressed.  It was written by Ruffner with the knowledge
that Love had requested from him an agreement in writing
that he would be responsible to the amount of $5,000, and
that he would not make himself responsible for Ruffner &

Somes' indebtedness to any other party. He knew that he had, on April 3d, written a guaranty to the amount of $4,000, and that said guaranty had not been accepted and was not satisfactory to Love, and knowing this, he makes his offer definite and clear in the statement: "I propose, as I said at first, to be responsible for Ruffner & Somes, four thousand dollars and no more." That is as if he had said, "I offered before to guarantee to the extent of four thousand dollars; I now find your letter requesting me to guarantee you to the amount of five thousand dollars, and to agree to guarantee no one else; I will not do so, but propose to you as I did before, to be responsible for the firm for four thousand dollars and no more." This is very different from what was done in the case of Cooke v. Orne, 37 Ill. 189, cited and relied on by counsel for Love. There the parties who sold the goods wrote to the parties who desired to purchase, proposing to sell the goods on notes of the said purchaser, two of the notes to be indorsed by Cooke; the said purchaser wrote a letter in reply accepting the proposition, and to this letter Cooke added a postscript, *also accepting, and stating that he would indorse the notes as proposed.* The contract of guaranty arises from an agreement between the guarantor and guarantee. It may be, and often is, founded exclusively on a consideration moving from the guarantee to the principal debtor or person to whom credit is to be extended, but otherwise it is distinct from the principal contract.

It is essential to the formation of this, as well as of all other contracts, that the minds of the parties shall meet.

Where there is a mere proposal by one to guarantee the performance of the undertaking by another, if credit be extended to such other the contract of guaranty is not complete till the credit is extended and notice given of the acceptance of the guaranty.

The assent of the party to whom the proposal is made must be signified to the party making it in order to constitute a binding promise. Treating Love's letter of June 1st as a request for a guaranty, the question whether such request was assented to by Ruffner was a question of law for the court,

to be determined by a construction of the writings of the parties, and the court should have ruled that there was no agreement by Ruffner to guarantee as requested in Love's letter. The court instead of so ruling, gave the following instruction to the jury:

"You are instructed as a matter of law, that when a person asking a guaranty writes to the proposed guarantor offering to sell to another on his guaranty, and the guarantor replies that he will so guarantee, the contract is complete, and the vendor need not further inform the guarantor of the sale made thereunder; and if you believe, from the evidence in this case, that the plaintiff therein on or about the first of June, 1882, wrote to the firm of Ruffner & Somes, offering to sell to them upon the guaranty of said defendant, which letter was called to the attention of the said defendant, and that he replied that he would be responsible for them for $4,000, which guaranty was accepted by said vendor, the said contract is thus complete and the vendor need not further notify the guarantor of the sales made thereunder." This instruction was erroneous and misleading. The first clause of it which states the rule of law supposes facts wholly different from the facts in this case, and if the instruction had gone no further its tendency would be misleading. But the latter clause of the instruction is still more faulty. Love's offer to sell was in writing, and it was not for the jury to determine whether it amounted to a general proposition to sell on the guaranty of defendant. It misrecites defendant's reply, and assumes as proved a fact which it was essential for the jury to find under the evidence in the case, to wit, whether defendant's guaranty of $4,000 was accepted by the vendor.

We are of opinion that Ruffner's letter of June 20th was a mere overture or proposition to guarantee, and that the question for the jury to find was whether the proposition was accepted, and whether Ruffner had notice of such acceptance.

That there must be notice to the guarantor of the acceptance of such a guaranty is settled beyond dispute by the authorities. Newman v. Streator Coal Co., 19 Ill. App. 594,

and cases there cited; Wells v. Davis, 104 U. S. 159; Davis Sewing Machine Co. v. Richards, 115 U. S. 524; Gardner v. Loyd, 110 Pa. St. 278.

" The notice need not be proved to have been given in writing or in any particular form, but may be inferred by the jury from facts and circumstances which shall warrant such inference." Reynolds v. Douglas, 12 Pet. 497; Powell v. Chicago Carpet Co., 22 Ill. App. 409.   The judgment must be reversed and the case remanded.

*Reversed and remanded.*