Filed June 26, 1891.

---

No. 273.

## VOGEL v. O'TOOLE.

DECEDENTS' ESTATES.—*Action Against Administrator.*—*When not Personally Liable.*—The plaintiff sold and delivered a monument to A. in his lifetime. After A.'s death the administrator of his estate wrote a letter to the plaintiff which contained the following statement: "I will file the bill for you (against the estate) and get as much as the estate will pay, and I will settle the rest." The letter was signed by the administrator as an individual, and not otherwise.

*Held*, that there was no consideration to support the promise contained in the letter to settle the balance of the claim against the estate, and that the administrator was not liable thereon.

From the Union Circuit Court.

*T. D. Evans*, for appellant.

*L. H. Stanford*, for appellee.

CRUMPACKER, J.—This action was commenced in the Union Circuit Court by Vogel against O'Toole, upon the following complaint:

"The plaintiff complains of the defendant, and says that on the 29th day of March, 1886, he sold and delivered to one James O'Toole, then living, and the father of the defendant, one certain granite monument, at and for the sum of ninety dollars; that shortly after said monument was delivered said James O'Toole died intestate in Union county, Indiana, and the defendant herein became his administrator, and afterwards promised the plaintiff in and as an individual, in writing, to pay said sum, less the sum of $9.34, which promise is as follows:

"'LIBERTY, IND., 12, 18, '86.

"'Messrs. Adam Vogel & Son:

"'DEAR SIRS—Yours of Dec., post-marked 13th, came to hand with bill B. L. for mont. No. 57. In reply to old bill you will please send me a statement of account so I can have it drawn in proper form so as to file it in court. If the estate would pay all debts in full I would send you the amount, but as it is, if I should pay any debt before ordered by the court, I would be the loser. But you need not fear of getting the full amount. I will file the bill for you and get as much as the estate will pay, and *I will settle the rest.* I will send you the lettering for mont. No. 65 in a week or so, and you can turn the contract over to me, as the lady who bought the mont. was in the shop a few days ago and signed the contract to me. Would like to know if you have any good designs; if so, would you please let me know what price you want for them, with an estimate for each one.

"'Yours truly,     THOS. P. O'TOOLE.'

"And that, relying upon said promises aforesaid of said defendant, plaintiff allowed the defendant to file said claim, and that the amount allowed was the full amount claimed of $90; that said estate has been finally settled by said administrator as an insolvent estate, and that plaintiff, on distribu-

tion, was allowed to receive the sum of $9.34, leaving a balance due plaintiff in the sum of $80.66, which sum is due and unpaid, and for which plaintiff sues and demands judgment, and for general relief."

A demurrer was filed and sustained to the complaint, and judgment was rendered thereon in favor of the defendant.

This appeal presents for decision the correctness of the ruling of the trial court in sustaining the demurrer.

It appears by the averments of the complaint that James O'Toole, the decedent, owed the appellant ninety dollars for a monument, and after the appellee's appointment as administrator of the estate of said decedent, he wrote the letter set out in the complaint, and in pursuance thereof the claim was filed and allowed against the estate ; that the estate was insolvent, and appellant received $9.34 on the claim, that being his full *pro rata* share of the assets.

No error was committed in sustaining the demurrer, because there was no consideration to support the promise contained in the letter to settle the balance of the claim against the estate. It is an elementary rule of the law of contracts that a promise can not be enforced unless it is supported by an adequate consideration. 1 Parsons Contracts (7th ed.), p. 455.

For the enforcement of this class of promises some benefit must have accrued, or some right must have been yielded, which would not have accrued or been yielded in the absence of the promise. There was absolutely nothing of the kind in this case. The appellee received no benefits, nor did the appellant surrender any right whatever as a consideration for the promise.

A promise of the nature of that declared upon is one of suretyship in all essential respects, and the debt had already been incurred and no forbearance was extended on account of the promise.

It was declared in *Williams* v. *Perkins*, 21 Ark. 18, that, " If the debt or obligation of the principal debtor is already

incurred previous to the undertaking of the surety, then there must be a new and distinct consideration to sustain the promise of the surety." See, also, *Langford* v. *Freeman*, 60 Ind. 46.

A number of cases are cited by counsel for appellant, upon the proposition that an administrator may be held individually liable upon his promise for the payment of a debt of his intestate, but they are all grounded in the idea of an adequate consideration.

No case has been cited, and we believe none can be found, holding that the naked promise of an administrator to pay the debt of the decedent, with no consideration whatever for its basis, can be enforced against him.

The judgment is affirmed, with costs.

Filed June 26, 1891.