Neagle v. Sprague.

## Francis C. Neagle v. William Sprague et al.

1. NOTICE—*Of Acceptance of Guaranty.*—Where a guarantor would know from the nature of the transaction, that his offer of guaranty would be accepted, notice to him of an acceptance is unnecessary.

2. SAME—*When Necessary.*—Where a proposition is made by one party to guarantee the payment to another, if he will sell goods to a third party, notice of acceptance of the proposition is necessary to create the contract of guaranty.

**Assumpsit.**—Contract of guaranty. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

F. P. REYNOLDS, attorney for appellant.

WOLSELEY & HEATH, attorneys for appellees, contended that it is only where the guarantor would not know from the nature of the transaction, whether the offer has been accepted or not that notice should be given. Bishop v. Eaton (Mass.), 37 N. E. Rep. 665.

We may well repeat the words of the court in Smith v. Dunn, 6 Hill, 543:

"But here the understanding was absolute, and the defendant said to the plaintiff in substance, 'If you deliver the goods I will guarantee the payment.' We could not add a condition that the defendant shall have notice. He should have provided for that himself in the proposal made to the plaintiffs."

As in Wright v. Griffith, 121 Ind. 478, 23 N. E. Rep. 281: "The letter was not a mere overture or proposition; it was the final consummation of a pending arrangement."

Where the terms of a guaranty impart an intention on the part of the guarantor to be bound by it on delivery, it is not a mere proposal of guaranty, and notice of its acceptance by the guarantees is not necessary. Johnson v. Bailey, 15 S. W. Rep. 499; Lemp v. Armengol, 86 Tex. 690.

If a contingent guarantor recognizes a prior guaranty and promises to make it good, it is a waiver of notice of acceptance. Wadsworth v. Allen, 8 Gratt. 174; Farwell v. Sully, 38 Iowa 387; Central Savings Bank v. Shine, 48 Mo. 456; Trefethen v. Locke, 16 La. Ann. 19.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This suit, originally begun before a justice of the peace, has come here by appeal from a judgment of the Circuit Court for the same amount that was recovered before the justice.

The recovery was had upon a contract of guaranty evidenced by the following paper:

"September 2d, 1893.

F. C. Neagle & Son:

GENTLEMEN: We received your telephone message to deliver a certain bill of glass to A. W. Hack & Co., and that you would be responsible for the same. If you desire us to deliver further goods to this firm, and desire to guarantee the payment, will you give us a letter to that effect, as telephone messages are not, as a rule, satisfactory?

Yours truly,

SPRAGUE, SMITH & Co."

"September 5, 1893.

Please let the above firm have what they want for the present month, and we will guarantee the payment of same.

F. C. NEAGLE & SON.

N. B. I will send you a check for the balance we, F. C. Neagle & Son, owe you this week, $141."

In pursuance of such guaranty, goods, consisting of glass to the amount of $211.70, were afterward, and in September,

1895, delivered by the appellees to A. W. Hack & Co., and $100 was paid on account thereof.

On the trial in the Circuit Court the suit was dismissed as to John F. Neagle, who was the " son " in the firm of F. C. Neagle & Son, and judgment was rendered against the appellant Francis C. Neagle alone, for the balance of $111.70.

The point is made that no notice of acceptance of the guaranty was given to appellant. We do not think any other notice was necessary than that which is embodied in the proposition of appellees, which was in substance that they would sell if appellant would guarantee, and to which appellant replied he would guarantee. There was a complete meeting of minds, and all that was needed to constitute a complete contract; anything more would have been superfluous. Cooke v. Orne, 37 Ill. 186.

Where a guarantor would know from the nature of the transaction that his offer of guaranty would be accepted, notice to him of acceptance is not required. Bishop v. Eaton, 161 Mass. 496; Wright v. Griffith, 121 Ind. 478; Lemp v. Armengol, 86 Tex. 690; Smith v. Dann, 6 Hill 543.

Had it been a proposition from appellant to guarantee if appellees would sell, notice of acceptance would have been required, to create the necessary meeting of minds. Ruffner v. Love, 33 Ill. App. 601.

But, as we have seen, such was not the character of this transaction.

We do not regard the case of Newman v. Streator Coal Co., 19 Ill. App. 594, which is relied upon by appellant, as being in point.

The other points presented in argument do not seem to require notice further than to say that, with unimportant exceptions, they were all settled by the verdict of the jury.

The judgment of the Circuit Court is affirmed.