### Jacob Meyer et al. v. Siegmund Ruhstadt.

1. GUARANTY.—*Acceptance of Offer of.*—An offer to guarantee the debt of another, about to be created, must be accepted within a reasonable time, and no contract exists until the offer is accepted and notice of such acceptance given to the proposed guarantor.

Assumpsit.—On a contract of guaranty. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

WEIGLEY & EASTMAN, attorneys for appellants.

DOOLITTLE, TOLMAN & POLLASKY, attorneys for appellee.
An absolute guaranty of an existing debt, requires no

notice of acceptance nor notice of default; but where the debt is to be created in the future, and its existence depends on the will of other parties than the proposed guarantor, whether it shall come into existence or not, the guarantee is collateral and there must be both notice of acceptance and notice of default of payment. Tausig v. Reid, 145 Ill. 488; Taylor v. Tolman, 47 Ill. App. 264; Cook v. Orne, 37 Ill. 189. See also, Ruffner v. Love, 33 Ill. App. 601; Newman v. Streator Coal Co., 19 Brad. 594; Douglas v. Reynolds, 7 Pet. 113; Edmonston v. Drake, 5 Pet. 634.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellee was a traveling salesman in the service of the appellants, and though the case took a wide range in the Circuit Court, it is here narrowed to the question whether the appellee should be held as a guarantor under the following letter:

"Sweet Springs, Mo., July 15, 1890. Messrs. Jacob Meyer & Bros.,

Gents: Enclosed order of D. Victor. I had four competitors at Higginsville, two Chicago, one St. Louis, one Kansas City. Mr. Victor gave me half his order, and bought the other half of Frankenthal, St. Louis, on four months- time, dated October 15th; saw the copy. I expect that you will accept this order; you know that I make no use of it, but ask this as a special favor; if necessary will have the bill charged to me; he is a relative of S. Espen, and I want his trade.

Yours respectfully,

S. Ruhstadt."

The appellants sent the goods ordered by Victor, and charged them to him. October 1, 1890, they took the four months' note of Victor, for the amount, discounted it in bank, and as Victor did not pay the note, the appellants charged it to the appellee, without his knowledge or consent.

That conduct was no compliance with the letter. When

the appellants filled the order was the time for them to determine, and then inform the appellee, whether they acted upon his words "if necessary will have the bill charged to me." That was a proposition, acceptance of which required notice to the appellee, in order to bind him. Ruffner v. Love, 33 Ill. App. 601; Brandt on Suretyship & Guaranty, Sec. 191.

No alleged irregularities on the trial affect that question of law, and the judgment is affirmed.