## HIGH *v.* REED.

## Opinion delivered May 22, 1916.

1. BILLS AND NOTES—ALTERATION.—In an action on a promissory note, the defendants set up that the note had been altered. *Held*, under the evidence, that it was a question for the jury whether the note had been altered or not, after its execution.

2. BILLS AND NOTES—CONSIDERATION—PROOF.—In an action upon a note, where defendants claimed that the note was without consideration as to them, *held*, evidence of transactions on the day the note was dated, competent as showing the consideration.

3. BILLS AND NOTES—CONSIDERATION—ANTECEDENT DEBT.—An antecedent indebtedness is a good consideration to support a new note as to one who signs the note as surety.

4. BILLS AND NOTES—CONSIDERATION—LIABILITY OF SURETY.—If, subsequent to the execution and delivery of a note, it was signed by appellees solely on account of a loan previously made to one S., the maker of the note, and it was no part of the consideration that appellees should subsequently sign the note, then the note is without consideration as to appellees, but the appellees are liable if they executed the note before its delivery to the payee.

Appeal from Lonoke Circuit Court; *Thomas C. Trimble,* Judge; reversed.

*W. J. Waggoner,* for appellant.

1. It was error to direct a verdict. The evidence was conflicting and presented disputed questions which should have been presented to a jury. 17 Ark. 478; 88 *Id.* 164; 100 *Id.* 629.

2. It was error to refuse to permit Walls to testify as to the consideration of the note and in excluding the check. The judgment is contrary to the law and the evidence. Reed and Minton were joint makers and both liable. 77 Ark. 53; 24 *Id.* 511; 40 *Id.* 546; 80 *Id.* 285; 99 *Id.* 319.

3. An antecedent debt is a good consideration. 30 Ark. 684; 103 *Id.* 476. Here there was a new consideration *good* and *valid.* 88 Ark. 97; 89 *Id.* 132; 96 *Id.* 110. The question of presentment, demand, protest and notice is immaterial. 64 Ark. 470.

*Manning, Emerson & Morris,* for appellee J. B. Reed.

1. The note is without consideration as to Reed. Anson on Contracts (11 ed.) 108; 121 Mass. 116; 8 Johnson 29; 5 Am. Dec. 317; Pingrey on Suretyship, § § 40, 41; Stearns on Suretyship 239; 1 Brandt on Sur. Guar. (2 ed.), § 17; 21 Ark. 18. Past or executed consideration is not sufficient to sustain a promise founded upon it. Cases *supra.* 103 Ark. 473. Reed was only a surety and not bound. 43 Ark. 21; 23 S. W. 1023. Here there was no new consideration. The loan was not requested by Reed.

2. Parol evidence was admissible to show that a joint maker signed as surety. 54 Ark. 97; 34 S. W. 78.

3. The note was raised to $150.00 after Reed signed as surety for $100.00. A material alteration avoids a note. 49 Ark. 40; 111 *Id.* 263. The judgment is right.

SMITH, J. Appellant prosecutes this appeal from a judgment adverse to her which was rendered upon a verdict returned under the directions of the court. The suit was upon a promissory note signed by appellees and one J. M. Swaim, payable to appellant's order. The note was dated March 21, 1911, and was for the sum of $150.00, and was due October 21, 1911. Appellees defended upon two grounds. The first defense was that the note as signed was for the sum of $100 only, and the second defense was that the note was executed by appellees as security for Swaim and that it was without consideration as to them.

(1) In support of the first defense appellee Reed testified that he was only asked to sign a note for $100 and that, to the best of his knowledge, the one he signed was for only $100, but he did not testify unequivocally that the note was not for $150. The other surety testified that he was not certain whether the note was for $100 or for $150. As it read at the trial the note was for $150, and we think the evidence presents a question

for the jury as to whether the note had been altered after its execution.

(2)   Appellees insist in support of their second defense that the evidence shows that appellant had loaned her brother $150 on February 18th or 20th under an oral agreement that she should have a lien on a horse which he owned, and that on the 21st of March thereafter, for this consideration, the note in question was signed by them.   Appellant admitted that she had loaned her brother $150 in February under an oral agreement that she should have a lien on a horse owned by him, but she also says that it was agreed that the money should be repaid when the horse was sold, and that the horse was sold on the date of the note, and that after selling the horse Swaim offered to give her either the money or the note, and she accepted the note.   And she says the note was signed by all the parties before it was delivered to her.

Over appellant's objection and exception the court excluded evidence showing the sale of the horse and the payment of the money on the date the note was executed. We think the excluded evidence was competent and relevant.   It tended to support appellant's contention that a new trade was made and a new consideration furnished for the note.

In 3 R. C. L. 928, it is said: "The general rule sustained by the great weight of authority is that the undertaking of one not a party to the original transaction, who, in pursuance of some subsequent arrangement, signs as surety, guarantor, or indorser after the original contract has been fully executed and delivered, is a new and independent contract, and to be binding must be supported by a new and independent consideration from that of the original contract.   But it is a well established exception to this rule that if the original contract is induced by the promise of one of the parties that he will procure the signature of the person who subsequently signs in

pursuance of such agreement, no new consideration is necessary to support the latter's undertaking.''

(3)    Among other cases cited in support of the text is that of *Killian* v. *Ashley,* 24 Ark. 511.    See also *Williams* v. *Perkins,* 21 Ark. 18; *Platt* v. *Snipes,* 43 Ark. 21; *Kissire* v. *Plunkett-Jarrell Gro. Co.,* 103 Ark. 473.    Appellees insist on the authority of these cases that the verdict was properly directed in their favor.    But we do not think so.    The authority of the case of *Harrell* v. *Tenant, Walker & Co.,* 30 Ark. 684, has not been impaired by the cases cited, nor by any other subsequent decision.

The syllabus of that case is: ''An antecedent indebtedness is a good consideration to support a new note, as to one who signs the note as surety.'' Applying this rule of law to the facts of that case, which were very similar to the facts, as appellant states them, in this case, Judge English said: ''If the Johnsons thought proper to give their note to the appellees for an old debt, and appellant thought proper to sign the note as their surety, the old debt was a sufficient consideration to uphold the note against both principal and surety.'' ''If the Johnsons had made the note and delivered it to appellees for the old debt, and afterwards they had induced appellant to sign it without consideration, it might, perhaps, have been invalid as to him.''

(4)    So, therefore, if subsequent to the execution and delivery of the note, it was signed by appellees solely on account of the loan previously made Swaim, and it was no part of the consideration that appellees should subsequently sign it, then the note was without consideration as to them.    However, if the note was executed to be used in lieu of the cash upon the sale of the horse, or was executed by appellees before its delivery to appellant, then appellees are liable, although there was no other consideration.    A verdict should not, therefore, have been directed, and for this error the judgment will be reversed and the cause remanded.