## BROWN *v.* PEOPLES BANK OF SEARCY.

Opinion delivered February 19, 1917.

BILLS AND NOTES—LIABILITY OF ONE WHO SIGNS AS SURETY A NOTE FOR
A PRE-EXISTING DEBT.—One who signs a note as surety, before de-
livery, the note being given for a pre-existing debt, is liable thereon.
An antecedent indebtedness is a good consideration to support a
new note, as to one who signs the note as surety.

Appeal from White Circuit Court, *J. M. Jackson,*
Judge; affirmed.

*Emmet Vaughan* and *W. A. Leach,* for appellant.

1. Brown signed merely as a surety. Plaintiff
extended the time of payment without consultation or
notice. The note was past due long before demand
was made and in the meantime Yarnell became in-
solvent. The note was for an antecedent debt and no
new consideration was given. There was fraud in
obtaining his signature. Each of these is a valid de-
fense. 20 Cyc. 110, note 87; Pingrey on Suretyship,
§§ 40-41; Stearns on Suretyship, 239; Brandt on Surety-
ship, vol. 1 (2nd ed.), § 17; 30 Ark. 684.

2. There must be a consideration to support a
promise to pay by a surety, and if the debt of the
principal was incurred previous to the undertaking by
the surety there must be a new consideration to sup-
port the surety's promise. 43 Ark. 21; 21 *Id.* 18-20;
103 *Id.* 473-477. An antecedent debt is not sufficient.
Cases *supra.*

3. Parol evidence was admissible to prove that
appellant was in fact a surety. 54 Ark. 99-100; 92
*Id.* 604; 32 Cyc. 40; 34 S. W. 78. The note was also
signed for a specific purpose and the proceeds fraudu-
lently diverted. Norton on Bills (4 ed.), 241 and
cases cited.

*Brundidge & Neelly,* for appellee.

1. Conceding, for argument, that Brown signed
as a surety the consideration was sufficient to bind
him. 103 Ark. 477; 32 Cyc. 56.

2. Appellant was a joint maker and responsible. 96 Ark. 111; 118 *Id.* 225; 113 *Id.* 120; 3 Rul. Case Law, p. 1138, § 354.

SMITH, J. Appellant was sued upon the following note:

"Searcy, Ark., April 29, 1914.   No. 2203.

Due June 29, 1914.   60 days after date, I, we, or either of us, promise to pay to the order of the Peoples Bank, Searcy, Ark., five thousand & no-100 Dollars ($5,000.00) for value received, negotiable and payable, without defalcation or discount, at the Peoples Bank, Searcy, Ark., with interest from date at the rate of 8 per cent. per annum until paid.   The makers and indorsers of this note hereby waive presentment for payment, notice of non-payment and protest.   With attorney fees and collection charges.

Yarnell Produce Co.<br>John S. Yarnell,<br>H. L. Brown."

As a witness in his own behalf appellant offered to testify that John S. Yarnell, who joined with him in the execution of the note, was, together with the Yarnell Produce Company, of which he was the owner and manager, the principal in the note, and that he (appellant) was a mere surety.   But the court excluded this testimony.

Appellant offered also to show that the proceeds of the note were used in the discharge of an overdraft of $4,535.78 due the bank by the produce company, and that the balance of the note was used in the payment of checks drawn against the account of the produce company which the bank had refused to pay upon their presentation for payment.   After the $5,000.00 represented by the note was credited to the account, and the dishonored checks had been paid, the account stood overdrawn at the close of business that day in the sum of $229.03.

Appellant also offered to testify that Yarnell had represented to him the money was desired for current

uses of the produce company, which was about to be incorporated, and in which appellant was to become a stockholder. The business was never incorporated. No proof was offered to the effect that the bank knew anything about the representations made to appellant by Yarnell.

Neither Yarnell nor the produce company made any defense against the demand for judgment.

Some incidental questions are discussed in the brief, but the controlling questions are whether error was committed in refusing appellant permission to prove that he signed as surety and without knowledge of the existence of the antecedent debt, to the payment of which the proceeds of the note were applied, and in directing the jury to return a verdict in favor of the bank.

It is true that parol testimony is admissible to show the relation of parties to a promissory note in litigation between themselves and to show that one signed only as surety whose name appears therein as a joint maker; but it does not follow on that account that the judgment in this case must be reversed. Appellant makes the fundamental mistake of assuming that he cannot be liable as a surety upon a note which was given in satisfaction of a pre-existing debt. This question was considered in the recent case of *High* v. *Reed,* 124 Ark. 294; 187 S. W. 168. We therein quoted from the syllabus in the case of *Harrell* v. *Tenant, Walker & Co.,* 30 Ark. 684, the following statement of the law:

"An antecedent indebtedness is a good consideration to support a new note, as to one who signs the note as surety."

And we there also quoted from that opinion the application of that statement of the law which Judge English, in delivering the opinion of the court, made to the facts of that case. He said:

"If the Johnsons thought proper to give their note to the appellees for an old debt, and appellant thought proper to sign the note as their surety, the old debt was

a sufficient consideration to uphold the note against both principal and surety. If the Johnsons had made the note and delivered it to appellees for the old debt, and afterwards they had induced appellant to sign it without consideration, it might perhaps have been invalid as to him."

And in the case of *High* v. *Reed, supra,* we said that, if subsequent to the execution and delivery of a note, a surety signs it solely on account of a loan previously made, that action is without consideration to support it; but that, if the surety signs the note before its delivery, intending thereby to join in the execution of an obligation to supersede the outstanding one, he becomes liable, and cannot defend against the assertion of this liability by saying that the creditor advanced no new consideration and should, therefore, be remitted to the collection of the debt which he originally had.

Here the undisputed evidence is that appellant signed the note before its delivery to the bank, and when it was delivered the bank credited the account of the produce company with the amount of the note and paid the dishonored checks amounting to $693.25 and an extension of sixty days was secured for the entire indebtedness—this being the time covered by the note.

We think the evidence sufficient to warrant the court in declaring, as a matter of law, that there was sufficient consideration to support the note, even though appellant had signed only as surety, and in directing the jury to return a verdict accordingly. The judgment is affirmed.