*C. C. Binkley,* for appellants.

*H. C. Hanna* and *F. Swift,* for appellee.

--------o--------

THE CITY OF COLUMBUS ET AL. *v.* THE COLUMBUS AND SHELBY
RAILROAD COMPANY.

RAILROAD.—*Right of Way Through Streets in City.—Abandonment.*—The Columbus and Shelby Railroad Company procured a right of way to run from the track of the Madison and Indianapolis Railroad Company, through the streets of the city of Columbus, toward Shelbyville, and subsequently, under a running arrangement with said Madison and Indianapolis Railroad Company, gave the control of its road to that company, and, by that company, and with the consent of the Columbus and Shelby Company (the track through the streets still remaining), the road superstructure of the Columbus and Shelby Company adjoining the city was removed for the distance of a mile beyond the city, and the remaining track to Shelbyville was connected with the road of the Madison and Indianapolis Railroad Company around said city, through lands, with the owner of which the latter company contracted to procure a release for him from the Columbus and Shelby Company of the right of way over the land where the superstructure was removed.

*Held,* that this did not constitute an abandonment of the right of the Columbus and Shelby Railroad Company to maintain a track through the streets of Columbus.

APPEAL from the Bartholomew Common Pleas.

DOWNEY, J.—This action was commenced by the appellee against the appellants, and its object was to obtain injunctive

relief. The facts stated in the complaint, condensed as much as possible, are as follows: In 1853, the Columbus and Shelby Railroad Company was organized to construct a railroad from Columbus to Shelbyville. For the consideration of three hundred dollars, the town of Columbus granted to the railroad company the right of way from the road of the Madison and Indianapolis Company along and across the streets of ·the town, in the direction of Shelbyville; and under this grant the Columbus and Shelby Railroad Company constructed and for many years used ·its track. In 1862, the Madison and Indianapolis Railroad Company, having been sold, was reorganized as the Indianapolis and Madison Railroad Company. In 1866, the Indianapolis and Madison Railroad Company and the Jeffersonville Railroad Company were consolidated, and became the Jeffersonville, Madison, and Indianapolis Railroad Company. Before this consolidation, a running arrangement had been made between the Indianapolis and Madison Railroad Company and the Columbus and Shelby Railroad Company, which arrangement was renewed and continued between the Jeffersonville, Madison, and Indianapolis Railroad Company and the Columbus and Shelby Railroad Company. In 1869, the Jeffersonville, Madison, and Indianapolis Railroad Company constructed a track of its own, diverging from the line of its road at a point further ·north, and intersecting the track of the Columbus and Shelby road at a point three-fourths of a mile northeast of Columbus, and, without the consent of the appellee, removed the rails from the track of appellee's road between the corporation line and said point of intersection, and put them down on said new track, and agreed with the owner of the land over which that part of said road ran to procure from appellee a release to him of the right of way. On the 14th of October, 1869, the common council of the city of Columbus passed an ordinance, by which it declared the track of appellee over, along, and across said streets to be a nuisance, and directed the marshal of the city to remove the same, etc., if not taken up by the· Jeffersonville, Madison,

and Indianapolis Railroad Company within ten days, etc. There was a second paragraph of the complaint, but it need not be separately noticed.

The first step taken by the defendants was to move the court to require the plaintiff to make the complaint more specific. This motion was overruled, and this action of the court is assigned as error. But the question is not in the record. No bill of exceptions was filed, and we cannot, therefore, know what were the grounds of the motion, or that it was not properly overruled. The defendants then answered by a general denial, which was afterward withdrawn; and, second, as follows:

"That appellee, in 1853, organized under the general law, and immediately thereafter procured a release of right of way over said streets, from the then town of Columbus, without consideration, and solely for their principal line of road, without any switch thereon, and to be so maintained by appellee; that the road was so built and operated for some time, until an arrangement was made by appellee with the Madison and Indianapolis Railroad Company, whereby the entire management and control of appellee's road passed into the hands of the Madison and Indianapolis Company, who continually, until May 1st, 1866, operated and controlled the same, the Columbus and Shelby Company, during said time, not participating at all therein, and running no trains thereon, but by the terms of said arrangement, transferred to said Madison and Indianapolis Company all right, power, and control over said road, with full power to make all changes in the line or route thereof, which said Columbus and Shelby Company possessed; that on May 1st, 1866, the Madison and Indianapolis Company and Jeffersonville Company consolidated, forming the Jeffersonville, Madison, and Indianapolis Company, which became the owner of all the rights, privileges, and franchises of said two companies, including said rights of said Indianapolis and Madison Company in said appellee's road; that immediately after said consolidation, an arrangement was effected between appellee

and said consolidated company, similar to the one existing with the Madison and Indianapolis Company, as above set forth, and giving like control to the consolidated company over appellee's road, which said Jeffersonville, Madison, and Indianapolis Company has ever since exercised, placing thereon their own rolling stock, making time tables, selling passenger tickets, contracting for freights, and keeping the track in repair, all in the name and by authority of the officers of the Jeffersonville, Madison, and Indianapolis Company; and under said arrangement and power of control, said Jeffersonville, Madison, and Indianapolis Company have removed switches and side tracks, and laid down others, removed and torn down depots, and built others, all to the exclusion of acts of management by appellee, and have also built a road from Shelbyville to Cambridge City; that in 1869, a new road was constructed so as to leave the old line of the Jeffersonville Railroad and connect with the Columbus and Shelby Railroad at a point north-east of Columbus, the particulars of which are shown substantially as set forth in complaint and accompanying plat; that the new route, for a part of the way, ran over land of Francis T. Crump, son of Francis, J., and, to secure the right of way over land of the son, an agreement was made with the father and son, by the Jeffersonville, Madison, and Indianapolis Company, to take up the old track through the father's land, and abandon and surrender their right of way therein; pursuant to which arrangement said Jeffersonville, Madison, and Indianapolis Company took up and removed the track and superstructure between the north line of Columbus and the point of intersection, and Francis J. Crump has taken possession thereof, and plowed and cultivated the same; that by said removal, a gap of about a mile has been made in appellee's road; that no trains have or can run over the original line since; that a portion of said road—about one-half of a mile long—is within the city limits of Columbus, entirely cut off from any portion of said road, which is being used as a switch or side track for the Indianapolis and Madison part of said con-

solidated road, and can be used for no other purpose without reconstructing said removed portion; that it is, and long has been, the constant practice of said Jeffersonville, Madison, and Indianapolis Company to back or run trains of hogs and other freight, and permit them to stand on said track and street for a day at a time, to the great hindrance of passengers, and annoyance of citizens on said street, which is one of the most important in the city, closely built up on both sides with dwelling-houses; that said track, if used as the main or principal track of appellee's road, would be but slightly inconvenient, as only two trains each way ever run over said road per day, but as now used, blocked up with cars and locomotives standing thereon, is a great annoyance and inconvenience; that appellee has, at no time prior to this action, objected to, or dissented from, the act of said Jeffersonville, Madison, and Indianapolis Company in taking up said track, or making said arrangement with Crump for the surrender of said right of way, all which acts of removal and abandonment were with full knowledge and consent of said appellee and the officers who swore to the complaint, who are charged to be directors of appellee, and also with the knowledge of all other directors of appellee, who have never objected thereto, and also with the knowledge of the president and other managing agents thereof; that with full knowledge of said change, and all acts aforesaid relating thereto, appellee fully ratified and confirmed the same."

There was a demurrer to this paragraph of the answer, for the reason that it did not state facts sufficient to constitute a defence to the action. This demurrer was sustained, and the defendants declining to amend, final judgment was rendered for the plaintiff, by which the defendants were enjoined from removing the said track, etc.

The second and third assignments of error are, that the court improperly overruled the demurrers of the defendants to the first and second paragraphs of the complaint. These demurrers are not in the record, and we cannot, therefore, tell

what objections they raised to the complaint, or whether they were correctly overruled or not. We must presume they were correctly overruled.

The only question properly presented to us is that relating to the action of the court in sustaining the demurrer to the second paragraph of the answer.

As this paragraph alleges that the acts done by the Jeffersonville, Madison, and Indianapolis Railroad Company were done "with the full knowledge and consent of the appellee," it only remains to be determined whether the alleged acts amount to an abandonment of the right of way of that part of the original track of the appellee which lies on, along, and across the streets of the city. The question is not whether the Jeffersonville, Madison, and Indianapolis Company has made an unauthorized use of the track by converting it into a switch, and by using it as a place to leave its cars to the obstruction of the streets and the annoyance of the citizens. This would hardly justify the tearing up of the track, whatever other remedy it might afford the injured parties.

Do the acts alleged in the second paragraph show an abandonment of the right of way? It is not claimed that the company has abandoned the use of that part of the track in question, but it is insisted that the taking up of the rails at a point outside of the city, the transferring of them to the new track, and the promise to procure a release of the right which the company had to the way from which the rails have been removed, thus making it for the present, at least, impossible to use the track, as it originally was, continuously from the Jeffersonville, Madison, and Indianapolis road to Shelbyville, on account of the gap thus made, and indicating by the agreement to procure a release of the right of way an intention to make this arrangement permanent, is an implied abandonment, or operates as an abandonment, of the part in question. But it is urged by the appellee that the running arrangement with the Jeffersonville, Madison, and Indianapolis Company may, for aught that appears, at any time terminate this arrangement, and as that company owns the new tracks, that

it may at once assert this right, and thus leave the appellee without any track on which to run its cars, so far as this part of its line is concerned.

It is the opinion of a majority of the court that the facts alleged in the second paragraph of the answer are not sufficient to show an abandonment of the right of way in the city, and that there was no error in sustaining the demurrer thereto.

The judgment is affirmed, with costs.

*F. Winter,· R. Hill,* and *G. W. Richardson,* for appellants.

*S. Stansifer, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellee.