ELISHA B. DURFEE *et al.*

*v.*

THE PEORIA, DECATUR AND EVANSVILLE RAILWAY COMPANY.

*Filed at Springfield March 26, 1892.*

1. RAILROAD—*non-user, whether abandonment of right of way.* Where a railway company entered into an agreement with another company, whereby the former acquired, by lease, the right to run its trains over the tracks of the latter for ten years, and then removed the ties and rails on its own road and failed to occupy the land over which its road passed for nine or ten years, but without an intention to permanently abandon the same, it was *held*, that such company, by its acts, did not lose its right of way.

2. To constitute an abandonment by a railway company of any part of its right of way, there must not only be *non-user*, but an intention to abandon the same.

3. LIMITATION—*adverse possession of land—not under color of title.* The adverse possession of land for twenty years under claim of ownership, or such possession under color of title and payment of taxes thereon for seven successive years, is a bar to the title of the owner. But when the entry is not under color of title, nine or ten years' possession and payment of taxes will not affect the title.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

This was a bill in chancery, filed by the Peoria, Decatur and Evansville Railway Company, against Elisha B. Durfee and others, to enjoin the occupancy of the right of way across twenty-five acres off the south end of the south-east quarter of the south-west quarter of section 10, in township 16, range 2, east of the third principal meridian, in the county of Macon, and State of Illinois, of the width of one hundred feet. The title to the land stood in Elisha B. Durfee, who was a minor at the time the railroad was constructed across said land. The title thereto was acquired by condemnation, in 1871, and

the payment of $1350 for such right of way. The right of way was acquired by the Peoria, Lincoln and Decatur Railway Company, which afterwards, by consolidation with the Decatur, Mattoon and Southern Railway Company, formed the complainant corporation. All the other land for the right of way, except one piece, was acquired by deed, and that one was condemned and afterwards deed executed for the same. The land before referred to, from the year 1871, when it was acquired, to the spring of 1880, was used in operating trains over the same to and into Decatur. In the spring of 1880, George L. Bradbury, then general manager of appellee's road, entered into a contract with the Illinois. Central Railroad Company to run trains over the Central to the Union depot, and to the junction of the Central with what is known as the "joint track," belonging to the Terre Haute and Peoria, and the Peoria, Decatur and Evansville companies, and also for the joint use of the depot and facilities. The contract was for ten years, and expired on the 7th day of June, A. D. 1890. After the contract was made, appellee ceased to use the old right of way, and from that time until the hearing used the Illinois Central tracks. The defendants base their right to take possession of and occupy the right of way on the ground that the railroad company has abandoned the right of way. Upon the hearing the circuit court entered a decree in favor of the complainant, as prayed for in the bill, and the decree was affirmed in the Appellate Court.

Messrs. CREA & EWING, for the appellants:

An easement may be extinguished by 'abandonment. It will not be contended that a presumption of abandonment may not arise from a period of time much less than it will take to acquire the easement in question. *Roads v. Whitehead,* 27 Texas, 304; *Veghte v. R: W. P. Co.* 4 C. E. Green, 142; *Horner v. Stillwell,* 35 N. J. L. 309; *Pratt v. Sweetser,* 68 Me. 34; *Eddy v. Chase,* 140 Mass. 471.

While it is true that to concede an abandonment there must be *non-user*, and an intention to abandon or not resume, we say that such intention is a matter of fact, to be ascertained, like any other fact, from all the facts and circumstances surrounding the acts in question. *Keane* v. *Cannovan,* 21 Cal. 291; Am. Dec. 82, 738.

Abandonment will be presumed from various acts of the dominant owner. 6 Am. and Eng. Ency. 147.

The surrender by the appellee of its means of access to its old right of way between the Durfee tract and the depot was evidence of an abandonment. *Railroad Co.* v. *Covington,* 2 Bush, 526.

The possession of appellant was adverse, and having paid all taxes, his right to the land is established.

Messrs. STEVENS & HORTON, and Messrs. CUTTEN & PAGE, for the appellee:

*Non-user* of an easement, coupled with acts clearly indicative of an intention to abandon the right, would have the same effect as a release. Washburn on Easements, 636.

Abandonment is not presumed from mere *non-user.* Washburn on Easements, 639, 645; *Ward* v. *Ward,* 7 Exch. 833.

Right of way is not forfeited by failure to use it for thirteen years. *Barlow* v. *Railroad Co.* 29 Iowa, 276; *Columbus* v. *Railroad Co.* 37 Ind. 294; 1 Wood on Railway Law, 716.

The easement acquired by use is not lost by *non-user,* unless there is an adverse possession inconsistent with the rights and possession of the party claiming the easement. *White* v. *Crawford,* 10 Mass. 183; *Corning* v. *Gould,* 16 Wend. 531; 3 Kent's Com. 448, 449; Angell on Water-courses, 216-219, 251; *Smiles* v. *Hastings,* 24 Barb. 44; *Noel* v. *Railroad Co.* 32 Iowa, 66; *Jennison* v. *Walker,* 11 Gray, 425; *Arnold* v. *Stevens,* 24 Pick. 106

An easement acquired by deed can not be lost by mere *non-user.* The acts of the owner of the dominant tenement must

be so conclusive as to indicate his intention to abandon it.
*Hayford* v. *Spokesfield,* 100 Mass. 491; *Eddy* v. *Chase,* 140
id. 471; *Barnes* v. *Loyd,* 112 id. 224; *Day* v. *Walden,* 46
Mich. 575; *Pope* v. *O'Hara,* 48 N. Y. 446; *Veghte* v. *R. W. P.
Co.* 19 N. J. Eq. 156; *Railroad Co.* v. *Covington,* 2 Bush, 526;
*Kuecken* v. *Voltz,* 110 Ill. 264.

No acts of an owner of an easement will extinguish his
right, save those that indicate his intention to abandon it,
unless other persons have been led by such acts to believe the
right abandoned, and to act upon such belief, so that an asser-
tion of the right will be to their injury.   *Whitebank* v. *Nichols,*
64 N. Y. 65.

The better doctrine seems to be, that such *non-user* is evi-
dence of an intention to abandon, but is open to explanation,
and may be controlled by evidence that the owner had no such
intention.   *Pratt* v. *Swestre,* 68 Me. 344; *Veghte* v. *R. W. P.
Co.* 19 N. J. Eq. 156; *Chew* v. *Cook,* 39 id. 396.

Abandonment from mere *non-user* will not be presumed
short of the time that is required to raise the presumption of
a grant, and that is almost uniformly held to be not less than
twenty years.   *Welte* v. *St. Paul,* 12 Minn. 192; *Corning* v.
*Gould,* 16 Wend. 34; *Steer* v. *Tiffany,* 13 R. I. 568; *Perkins*
v. *Durnham,* 3 Strob. 224.

Mr. Justice Craig delivered the opinion of the Court:

The land involved in this proceeding, as appears from the
evidence, was condemned, and Durfee, the owner, was paid
$1350 for the right of way.   After acquiring the right of way
the company constructed its road upon it, and used it in run-
ning its trains to and into Decatur, from 1871 to 1880.   In
the spring of 1880 the company entered into a contract with
the Illinois Central Company, under which it acquired a right,
for a period of ten years, to use the tracks of the Central Com-
pany.   After this contract was made, the company ceased to
use the right of way in question, and the rails and railroad

ties were removed, and the right of way was fenced up with other adjoining lands, and defendant Durfee for a number of years paid taxes on the right of way in connection with the land he owned, and the question presented is, whether these acts constituted an abandonment of the right of way on the part of the railroad company.

It appears from the testimony of Bradbury, the general manager of the road at the time the contract was made with the Illinois Central company, and also from the evidence of Ewing, who succeeded Bradbury, that the railroad company had no intention of abandoning the right of way. This is confirmed by the evidence of the chief engineer, who testified that the intention of the company ultimately was to resume the running of trains over the old right of way. Under this evidence we perceive no ground whatever upon which it could be held that the railroad company had lost its right of way by abandonment. It is conceded in the argument, to constitute an abandonment there must be *non-user* and an intention to abandon. Here was a *non-user* for a definite and fixed period of ten years, with no intention to abandon permanently the right of way, and we are aware of no authority under which it can be held the railroad company lost its right of way under such a state of facts. In *Barlow* v. *Chicago, Rock Island and Pacific Railroad Co.* 29 Iowa, 276, it was held that the railroad company did not lose its right of way from a failure to occupy the land acquired for that purpose, for a period of thirteen years; and in *Columbus* v. *Cincinnati Southern Railroad Co.* 37 Ind. 294, where the railroad company had entered into a contract with another company for the use of a part of its track, it was held that the taking up of the rails from a part of the track and removing them to a new track did not constitute an abandonment.

No importance is to be attached to the fact that appellant paid taxes on the right of way. His payment was under no title or color of title, and, however long continued, could con-

fer no right.    Nor can the appellent rely upon nine or ten years' possession as conferring any rights to him in the right of way.    Had he entered claiming the land as his own, and occupied adversely for a period of twenty years, such an adverse possession might have been relied upon as a bar to any title held by the railroad company.    Or had he entered under color of title, and paid taxes for the period provided by the statute to bar a recovery by the owner, a different question would arise.    But the entry here was under neither title nor color of title, and hence our Statute of Limitations could not be invoked as a defense.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*