## William H. H. Sears et al. v. Swift & Company.

1. GUARANTY—*Acceptance, When Necessary.*—Where there is a mere proposal to guarantee there is no meeting of the minds until after the offer is accepted, and notice to the guarantor of the acceptance of his offer is necessary in order to bind him.

2. SAME—*Where There is a Consideration.*—Where, however, the guarantor receives a consideration for his guaranty, and this is known to him who accepts it, and the words of the guaranty are certain, and clearly show an intention to be bound as soon as the promise is delivered, notice of acceptance is unnecessary.

3. ESTOPPEL—*Acknowledgment of a Consideration.*—Where a guarantor acknowledges the receipt of a consideration in the contract of guaranty, he is estopped to deny it.

Assumpsit, on a contract of guaranty. Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

### STATEMENT OF THE CASE.

The plaintiff in error Sears, was one of the defendants in an action of assumpsit brought in the lower court against him and John J. Cashin by Swift & Co., in which the latter recovered a judgment for $623.46. The action was to recover a balance due Swift & Co. for goods sold to a corporation known as the Cashin Packing Co., the payment of which Sears and Cashin were alleged to have guaranteed in writing.

For some months prior to January 20, 1895, Swift & Co. had been selling goods to the Cashin Packing Co. on credit. On that day John J. Cashin was notified by Swift & Co. that they would not continue to sell to his company on credit unless he and Sears signed a guaranty for the purchases. Cashin assented, and the attorney for Swift & Co. drew up a written contract and delivered it to Cashin. A week later Swift & Co. received the contract with the signatures of Cashin and Sears attached. It is in form as follows:

"Chicago, Ill., January 20, 1895.

In consideration of the sum of one dollar ($1.00) to us in hand paid and for other good and valuable considerations, we, John J. Cashin and W. H. H. Sears, do hereby guarantee the payment of all purchases made by the Cashin Packing Company, recently incorporated, or for its use, from Swift & Company at the Union Stock Yards, and all purchases made by the said Cashin Packing Company or for its use from any of said Swift & Company's branch markets located in the city of Chicago

This guaranty to stand good for all and any unpaid balances due said Swift & Company or its branch markets by said Cashin Packing Company, which said balance we or either of us will pay upon demand.

This guaranty shall remain and be in force until revoked in writing by both guarantors, said revocation to be served personally on some officer of Swift & Company and to take effect ten days after date of said service.

John J. Cashin,
W. H. H. Sears.

Witness:

Wm. E. Slaughter.

Sears was not present at this conversation, nor was there anything to show that he was ever informed of what took place.   The contract was presented to him, he signed it, and the matter ended there so far as he was concerned.

After the guaranty was signed Swift & Co. continued to sell goods to the Cashin Packing Co. just the same as before.   These sales were on credit, the terms of credit requiring payment on Monday for the goods delivered during the preceding week.   These goods the Cashin Packing Co. paid for, with the exception of those for which a recovery was had; these latter were sold May 29 and June 8, 1895, and the bills for them were due on June 1st and 8th.

No notice to Sears of the acceptance by Swift & Co. of the guaranty, or of its intention to sell goods in reliance upon the guaranty, or of any such sale, was shown, except such as may be inferred from the foregoing facts.

Swift & Co. made several attempts to collect the balance due them, and on Saturday, June 8th, were told by Cashin that the company could not pay the debt, and that Sears was at his home in Elk Rapids, Mich. They thereupon sent to Sears the following letter:

"June 10, 1895.

Mr. W. H. H. Sears, Elk Rapids, Mich.

DEAR SIR: Desire to notify you that the Cashin Packing Co. are owing Swift & Co. $1,004.26. Inasmuch as we have called repeatedly at the office of the Cashin Packing Co. demanding payment of this account, and our efforts have not been successful, we hereby notify you that inasmuch as you have, together with John J. Cashin, guaranteed the payment of the account, as per your written guaranty dated January 20, 1895, we look to you for payment of this account, and shall be pleased to have you remit the amount by return mail, and by so doing oblige,

Yours, etc.,

SWIFT & Co."

On June 11th, after this letter was written and before Sears received it, the Cashin Packing Co. made an assignment for the benefit of its creditors. June 13, 1895, Sears replied as follows:

"I am surprised to learn that they have not paid you, and that the account is so large. Do not give them any further credit expecting me to be good for the same."

Sears had no connection with the Cashin Packin Co. after May 20, 1895, was not present at its place of business, and knew nothing of the sale of the goods which were not paid for.

Upon these facts, plaintiff in error claims:

"1. That the guaranty did not apply to future purchases.

2. That the contract did not authorize Swift & Co. to sell goods to the Cashin Packing Co. on credit.

3. That to render the guaranty binding it was necessary that Swift & Co. should accept it, and that Sears should have notice of such acceptance and of default in payment.

We contend that there was no evidence of any such acceptance or notice."

TENNEY, McCONNELL & COFFEEN, attorneys for plaintiffs in error.

ELMER W. HART, attorney for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

If the guaranty is to be construed, as is urged, as applying only to purchases that had then been made, the clause that it could be revoked upon ten days written notice becomes an absurdity.

Being a continuing guaranty, were the guarantors entitled to notice of the acceptance thereof?

Where there is a mere proposal to guarantee, there is no meeting of minds until the offer is accepted, and notice to the guarantor of the acceptance of his offer is necessary in order to bind him. A. & E. Ency. of Law, Vol. 9–78; Ruffner v. Love, 33 Ill. App. 601; Neagle v. Sprague, 63 Ill. App. 25.

Until acceptance, there is no consideration for such mere offer, and notice that a contract has, by the acceptance, been made, is necessary.

Where, however, the guarantor receives a consideration for his guaranty, and this is known to him who accepts it, and the words of the guaranty are certain and clearly show an intention to be bound as soon as the promise is delivered, notice of acceptance is unnecessary.

In Davis v. Wells, 104 U. S. 159–167, the court said:

"We think that the instrument sued on is not a mere unaccepted proposal. It carries upon its face conclusive evidence that it had been accepted by Wells, Fargo & Co., and that it was understood and intended to be, on delivery to them, as it took place, a complete and perfect obligation of guaranty. That evidence we find in the words 'for and in consideration of one dollar to us paid by Wells, Fargo &

Co., the receipt of which is hereby acknowledged, we hereby guarantee,' etc. How can that recital be true, unless the covenant of guaranty has been made with the assent of Wells, Fargo & Co., communicated to the guarantors? Wells, Fargo & Co. had not only assented to it, but had paid value for it, and that into the very hands of the guarantors, as they by the instrument itself acknowledge.

It is not material that the expressed consideration is nominal. That point was made, as to a guaranty, substantially the same as this, in the case of Lawrence v. McCalmont, 2 How. 426, 452, and was overruled. Mr. Justice Story said : ' The guarantor acknowledged the receipt of the one dollar, and is now estopped to deny it. If she has not recovered it, she would now be entitled to recover it. A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any parol contract, and this is equally true as to contracts of guaranty, as to other contracts. A stipulation in consideration of one dollar is just as effectual and valuable a consideration as a larger sum stipulated for or paid. The very point arose in Dutchman v. Tooth, 5 Bingham's New Cases, 577, where the guarantor gave a guaranty for the payment of the proceeds of the goods the guarantee has consigned to his brother, and also all future shipments the guarantee might make in consideration of two shillings and sixpence paid him, the guarantor. And the court held the guaranty good, and the consideration sufficient.'

It is worthy of note that in the case from which this extract is taken, the guaranty was substantially the same as that in the present case, and that no question was made as to a notice of acceptance. It seems to have been treated as a complete contract by force of its terms.

It does not affect the conclusion, based on these views, that the present guaranty was for future advances as well as an existing debt. It can not, therefore, be treated as if it were an engagement, in which the only consideration was the future credit solicited and expected. The recital of the

consideration paid by the guarantee to the guarantor shows a completed contract, based upon the mutual assent of the parties; and if it is a contract at all, it is one for all the purposes expressed in it. It is an entirety, and can not be separated into distinct parts. The covenant is single, and can not be subjected in its interpretation to the operation of two diverse rules.

Of course the instrument takes effect only upon delivery."

See, also, Taylor et al. v. Tolman Co., 47 Ill. App. 264; Estate of Rapp v. Phœnix Ins. Co., 113 Ill. 390; Taussig v. Reid, 145 Ill. 488.

The judgment of the Superior Court is affirmed.