JACOB GLOS *et al.*

*v.*

JAMES A. MILLER.

*Opinion filed December 22, 1904.*

1. CLOUD ON TITLE—*what is not sufficient proof of title in complainant.* A warranty deed to complainant is not sufficient proof of title in a bill to remove a cloud, there being no proof of possession either of the grantor or grantee.

2. SAME—*proof must show possession or vacancy of property when bill was filed.* Proof that premises were vacant some years prior to the filing of a bill to remove a cloud is not sufficient proof that they were vacant at the time the bill was filed.

APPEAL, from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

H. M. MATTHEWS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed on January 9, 1904, in the Superior Court of Cook county by the appellee against the appellants to remove a tax deed as a cloud upon certain lots in Cook county, alleged to be owned by the appellee. Answers were filed by the appellants, to which replications were filed. Upon a hearing of the cause, the court below entered a decree, declaring the tax deed void, and setting it aside upon certain conditions, and also setting aside a conveyance from Jacob Glos, holder of the tax title, to Emma J. Glos, his wife. The present appeal is prosecuted from the decree, so entered.

The bill in this case avers that appellee, the complainant therein, is the owner of the property, charged to be clouded by the tax deed sought to be removed. The record shows that the allegation of ownership, as made in the bill, was denied by both of the appellants, defendants below, in their answers. Counsel for appellee seeks to distinguish this case from the case of *Hewes* v. *Glos,* 170 Ill. 436, by stating, that, there, the ownership of the complainant was denied by the defendant, but that, in the case at bar, the ownership of the complainant is not denied by either defendant. Counsel, however, is mistaken in this statement. In the record the answer of Emma J. Glos contains the following: "She denies that said complainant is the owner of or in possession of the premises in said bill described." The record also shows the following statement in the answer of Jacob Glos, the other appellant and the other defendant below, to-wit: "He denies that said complainant is the owner of or in possession of the premises in said bill described."

Inasmuch as ownership is alleged in the bill, and denied in the answers, it was necessary for appellee to prove such ownership, and it would have been necessary to prove it, if it had been neither admitted nor denied. The only proof of ownership introduced is a warranty deed, dated November 5, 1889, executed by William H. Jacobs and his wife, and conveying the premises in question to appellee. There is no proof that appellee was ever in possession of the premises in question. A deed from a third person to the complainant in a bill to remove a cloud from the title, without further proof as to possession or title, does not establish title. Proof of possession under claim of ownership is *prima facie* evidence of such ownership in the claimant so in possession, and a deed from a grantor in possession may be sufficient *prima facie* evidence of ownership; but it is held by this court that a deed alone without such possession is not sufficient to establish title. (*Hewes* v. *Glos,* 170 Ill. 436; *Glos* v. *Huey,* 181 id. 149; *Harland* v. *Eastman,* 119 id. 22; *Glos* v. *Perkins,* 188 id. 467).

In a bill to remove a cloud from title, it must not only be alleged that the complainant is the owner of the premises, but also, either that the complainant is in the possession of the premises at the time of filing the bill, or that the premises are vacant and unoccupied when the bill is filed. (*Glos* v. *Randolph,* 133 Ill. 197; *Glos* v. *Perkins, supra; Glos* v. *Kemp,* 192 id. 72). The bill in the present case alleges that the premises were vacant and unoccupied at the time it was filed, and it was necessary for the appellee to prove that the premises were so vacant and unoccupied at the time the bill was filed. The evidence shows that the lots in question were vacant and unoccupied at a period several years anterior to the filing of the bill, but there is no testimony to show that they were so vacant and unoccupied at any time less than two years prior to the filing of the bill. It was not sufficient to show that the premises were vacant two years before the bill was filed In *Glos* v. *Perkins, supra,* it was held that

evidence, that property was vacant and unoccupied some years before the filing of a bill to cancel tax deeds as clouds upon complainant's title, does not support an allegation, that the property was vacant and unoccupied, since it cannot be presumed from such proof that the property remained unoccupied up to the time the bill was filed, it being said in that case: "There is no fixed or continuing condition of property as to being vacant or unoccupied."

It thus appears that appellee failed to prove by satisfactory evidence, not only the allegation in his bill that he was the owner of the property, but also the allegation therein contained, that the property was vacant and unoccupied at the time of the filing of the bill.

This case is distinguishable from the case of *Glos* v. *Randolph,* 138 Ill. 268, upon which counsel for the appellant relies. In the case of *Glos* v. *Randolph, supra,* testimony was introduced orally upon the hearing, that the complainant in the bill was the owner of the land, but such testimony, though incompetent, was introduced without objection. Here, however, the record shows that, when appellee, Miller, testified upon the hearing below that he was the owner of the lots in question, counsel for appellant objected to that testimony, and upon his motion the testimony was stricken out.

There is testimony to the effect that appellee paid taxes upon the premises for some seven years, but it is not shown that they were vacant and unoccupied during all of the seven years, nor that possession was taken thereafter; hence, no title was acquired by that means.

For the reasons above stated, we are of the opinion that the decree of the court below is erroneous.

Accordingly, the decree of the superior court of Cook county is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.                    *Reversed and remanded.*