CHARLES C. STANNARD

*v.*

AURORA, ELGIN AND CHICAGO RAILWAY COMPANY *et al.*

*Opinion filed December 20, 1905—Rehearing denied April 11, 1906.*

1. PLEADING—*when allegation, though true, does not show right to relief on ground of fraud.* In a bill to cancel a deed for a right of way and trust deeds covering the same, allegations that the railroad company represented that it had theretofore located its line of road over the strip conveyed and would do certain things in the future do not show a right to relief, even though true, where there is nothing to show that the representation as to the location of the road was false when made, or that it was not the intention of the company, at the time it made the other representations, to do the things it proposed to do.

2. SAME—*when allegation that railroad had abandoned right of way is a mere conclusion.* An allegation that a railway company abandoned a portion of its right of way in a certain month of a certain year is a mere conclusion, there being no act of the company alleged manifesting an abandonment at that time.

3. SAME—*legal conclusions should not be pleaded.* A pleading is bad if it contains nothing more than a bare averment of a legal conclusion of the pleader.

4. RAILROADS—*what necessary to constitute an abandonment of right of way.* To constitute an abandonment by a railroad company of any part of its right of way there must not only be a nonuser, but an intention to abandon the same.

5. DEEDS—*when an acknowledgment of consideration cannot be contradicted by parol.* Acknowledgment of payment of consideration in a deed cannot be contradicted by parol for the purpose of wholly invalidating the deed or impairing its legal effect as a conveyance.

6. CLOUD ON TITLE—*bill which shows possession in defendant is bad.* A bill to cancel a deed for a right of way and remove the same, together with certain trust deeds given by the railway company, covering the premises, as clouds upon the complainant's title, is bad on its face, where it alleges that the railway company is in possession of part of the premises.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

THATCHER, GRIFFEN & WRIGHT, for appellant.

HOPKINS, PEFFERS & HOPKINS, and MORAN, MAYER & MEYER, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The material allegations of the bill of complaint in this case are, that the appellant, on September 7, 1899, was the owner of certain premises in Cook county, and that on that day the Aurora, Wheaton and Chicago Railway Company, by its agents, made certain representations to the appellant, (which will be set forth hereinafter,) and that the appellant, relying on these representations and believing them to be true, was thereby induced to execute, and did execute, a deed to the said railway company conveying to that company the right to perpetually and exclusively use and occupy for railroad purposes, with the right of necessary slope, a strip of land seventy-five feet wide at the approach to the river and fifty feet wide on the high land, extending in an easterly and westerly direction across the said premises, a copy of the said deed being attached to the bill as an exhibit; that on or about May 1, 1900, the said railway company, by its agents, represented to appellant that it was necessary for its right of way that the company should have a strip of land sixty-six feet wide at all points along the same line theretofore conveyed to the company where the strip as theretofore conveyed was only fifty feet wide, as and for the said right of way, which should be a part of the main line of the said railroad, a copy of this deed being attached to the bill as an exhibit; that no consideration was given or received for the said conveyances; that about the month of September, 1900, the said railway company abandoned the said route for its said line of railway and refused to construct its railway on said strips of land and has neglected to operate its cars on the said right of way, whereby the appellant has received no ben-

efit or advantage to his remaining property, as contemplated
and promised at and before the time of making the said
deeds; that after the making and recording of the said deeds
the name of the said railway company was changed to
that of the appellee the Aurora, Elgin and Chicago Railway
Company; that the Aurora, Wheaton and Chicago Railway
Company executed a trust deed to the appellee the American
Trust and Savings Bank of Chicago, Illinois, to secure bonds
aggregating $3,000,000, covering the said strips of land,
which trust deed was dated April 15, 1901, and was recorded
on February 14, 1904, and that on September 1, 1903, the
Aurora, Elgin and Chicago Railway Company made and
executed a trust deed to the appellee Albert J. Hopkins, as
trustee, to secure bonds aggregating $500,000, covering the
said strips of land, which trust deed was recorded on Janu-
ary 20, 1904; that the appellant is not informed as to who
is the holder and owner of the said bonds; that since Sep-
tember 7, 1899, appellant has been in the continuous pos-
session of the said strips of land, except the part thereof
which is seventy-five feet wide, which said part the Aurora,
Wheaton and Chicago Railway Company has occupied since
the month of May, 1901, and except that the Forest Home
Cemetery Company has occupied a certain other portion of
the said strips, under authority of appellant, since about the
middle of January, 1902, and that the records of the said
deeds and trust deeds are clouds on appellant's title.

The prayer of the bill is that the said two deeds be can-
celed and annulled and the records thereof removed as clouds
upon appellant's title, and that the records of the said trust
deeds may be also removed as clouds upon his title. The
Aurora, Elgin and Chicago Railway Company, the Ameri-
can Trust and Savings Bank and Albert J. Hopkins, defend-
ants, filed general and special demurrers to the bill, which
demurrers were sustained. The appellant elected to stand
by his bill, and the same was thereupon dismissed for want
of equity. These rulings of the court are assigned for error.

It is contended by the appellant that the allegations of the bill are such as to entitle him to the relief prayed for on the ground of fraudulent representations as an inducement to the execution of the deeds. The representations alleged are, that the agents of the Aurora, Wheaton and Chicago Railway Company, on September 7, 1899, represented to the appellant that the main line of its railway running from the city of Chicago to the city of Wheaton and the city of Aurora had heretofore been located along a certain line over appellant's premises; that the railway company was about to construct a superior kind of electric railroad to carry passengers and express matter only, and especially to carry suburban residents to and from the city of Chicago, whereby the owners of land adjoining the said railway would receive great benefit and advantage from the operation thereof; that a passenger depot would be located at the cross-street known as First avenue, on the said main line, about midway east and west of appellant's said premises, and that the said right of way was to be a part of the main line of the railroad.

Only one of these representations, that is, the first, relates to an existing fact, and there is no allegation in the bill that this alleged fact was not true. The other representations relate to what the railway company intended to do in the future. The allegations are, that the railway company "was about to construct," that a "passenger depot would be located," and that the "right of way was to be a part of the main line," no one of which representations was the statement of an existing fact. The allegation that the owners of the land adjoining the railway would be benefited by the operation thereof was a statement of a mere matter of opinion, and not the representation of a fact. It is not alleged that any one of these representations was false or fraudulently made. It is, indeed, alleged that the Aurora, Wheaton and Chicago Railway Company, about the month of September, 1900, abandoned said route for its line of railway and refused to construct its railway on the strips of land

deeded to it by appellant, and has neglected to operate its cars on the said right of way, and that for these reasons the appellant has received no benefit to his remaining property, as contemplated and promised as aforesaid. Conceding these allegations to be true, there is nothing in them to show that the representation as to the location of the road was false, or that it was not the intention of the railway company in good faith, when the representations were made, to do the things then mentioned and contemplated. Such being the case, the bill wholly fails to show any right to the relief prayed for on the ground of fraud or false and fraudulent representations. *Gage* v. *Lewis,* 68 Ill. 604; *Day* v. *Fort Scott Investment Co.* 153 id. 293; *Haenni* v. *Bleisch,* 146 id. 262; *Commercial Mutual Accident Co.* v. *Bates,* 176 id. 194; *Murphy* v. *Murphy,* 189 id. 360.

Nor does the bill set forth facts showing an abandonment of the route in question, but alleges the same merely as a conclusion of the pleader. It is not alleged that the railway company has constructed its railroad on other strips of land, or has acquired another right of way, or has done other acts from which an abandonment might be inferred. The bill shows that the company is in possession of that part of the strips conveyed which is seventy-five feet wide and has never had possession of the remainder of the tract conveyed, but that the appellant, and the cemetery company by his authority, have had the possession of the remainder thereof. The bill shows that the railway company, by its original name and also by its present name, has executed trust deeds covering the whole of the strips in controversy, the second trust deed being dated September 1, 1903, and both trust deeds having been recorded in the early part of the year 1904. These facts are inconsistent with the idea of an abandonment, and, instead of aiding the conclusion alleged, have a tendency to contradict the conclusion. To constitute an abandonment by a railway company of any part of its right of way there must not only be non-user, but an

intention to abandon the same. (*Durfee* v. *Peoria, Decatur and Evansville Railway Co.* 140 Ill. 435; *Chicago and Eastern Illinois Railroad Co.* v. *Clapp*, 201 id. 418.) While in the latter of these two cases it was held to be proper to leave it for the jury to say, in view of the facts and circumstances of the case, whether there was an intention to abandon, the law as announced in the first of these two cases was re-affirmed, and it was said that non-user for a definite period is not of itself sufficient to establish an abandonment.

It is urged, however, that the naked allegation that the railway company abandoned the said route is an allegation of fact, and not of a conclusion, and is sufficient as a matter of pleading. The allegation is that the Aurora, Wheaton and Chicago Railway Company, about the month of September, 1900, abandoned the said route for its line of railway. The time is definitely stated as being in a certain month and a certain year. It is not an abandonment arising from lapse of time, with other facts and circumstances, but an abandonment at a definite time, which could only be manifested by acts, and no acts are alleged except the statement that the railway company, in the same month and year, refused to construct its railroad on the said strips of land. It is the law that legal conclusions should not be pleaded, and that a pleading is bad if it contains nothing more than a bare averment of a legal conclusion. (12 Ency. of Pl. & Pr. 1020, 1021.) It is not sufficient to plead the conclusion that there is a failure of consideration; or that a change took place in the title of the property insured by voluntary transfer, although this is a traverse of the language of the insurance policy; or that an official bond was good and sufficient; or that a good bond was tendered by one seeking license to keep a dram-shop; or that no sufficient notice of the application for the confirmation of an assessment was given. (*Parks* v. *Holmes*, 22 Ill. 522; *Clay Fire and Marine Ins. Co.* v. *Wusterhausen*, 75 id. 285; *Kilgore* v. *Ferguson*, 77 id. 213; *People* v. *Village of Crotty*, 93 id. 180; *Ked-*

*zie* v. *West Chicago Park Comrs.* 114 id. 280; *Daggitt* v. *Mensch,* 141 id. 395.) A demurrer to a pleading admits the truth of the facts well pleaded but not the conclusions sought to be drawn from them, as, in a bill alleging that a certain transaction was a mortgage, that allegation is but an inference from the facts stated and is not admitted by a demurrer to the bill. (*Greig* v. *Russell,* 115 Ill. 483.) In the case at bar the allegation that the railway company, about the month of September, 1900, abandoned the said route and refused to construct its said railway on the said strips presents an issue involving both questions of fact and law which could not be submitted to a jury, and for this reason the demurrers were properly sustained. *Clay Fire and Marine Ins. Co.* v. *Wusterhausen, supra.*

It is further insisted by appellant that the bill shows that there was no consideration for the deeds, and that for this reason the demurrers should have been overruled. The bill does allege that no consideration was given or received for the said conveyances, but each of the instruments, copies of which are made part of the bill, recites a consideration, the first a consideration of one dollar paid to appellant, and the second a consideration of one dollar and other good and valuable considerations, the receipt of which is duly acknowledged. It will be noticed that the allegation of the bill is not that the consideration has failed, but that no consideration whatever was given or received for the conveyances. While the recital of the payment of the consideration in a deed may be contradicted for certain purposes, yet such acknowledgment of payment cannot be contradicted by parol, for the purpose of wholly invalidating the deed or impairing its legal effect as a conveyance. *Illinois Central Ins. Co.* v. *Wolf,* 37 Ill. 354; *Morris* v. *Tillson,* 81 id. 607; *Sterricker* v. *McBride,* 157 id. 70.

Furthermore, the manifest object of the bill is to annul the deeds and to remove these and the trust deeds as clouds from appellant's title. No sufficient equitable consideration

is shown to take this case out of the general rule that in a bill to remove a cloud from title it must not only be alleged that the complainant is the owner of the premises, but also, either that the complainant is in the possession of the premises at the time of filing the bill or that the premises are vacant and unoccupied when the bill is filed. (*Glos* v. *Miller,* 213 Ill. 22; *Glos* v. *Archer,* 214 id. 74.) The bill in this case alleges that the railway company is in possession of part of the premises covered by the deeds, and asks to have the cloud of the deeds and trust deeds removed from all the premises, thus showing upon its face that the complainant is not entitled to the relief sought.

The decree of the circuit court is affirmed.

*Decree affirmed.*