## Pabst Brewing Company, Appellant, v. Stephen T. LePage and A. J. Cummings, Appellees.

1. GUARANTY, § 7*—*when finding as to defense of want of consideration sustained by the evidence.* In an action on a contract of guaranty written on a lease and recited to be executed in consideration of the execution of the lease, the lease purported to be executed before the guaranty was made. Defendant claimed as a defense there was no consideration for the reason that the lease was executed before the guaranty, and plaintiff claimed that the lease was not in fact executed before the execution of the guaranty. *Held* that a verdict in favor of defendant's contention was sustained by the evidence.

2. GUARANTY, § 7*—*when recited consideration of one dollar insufficient.* A recited consideration of one dollar in a contract of guaranty, without containing a recital that it was paid, *held* insufficient to support the contract where the evidence showed it was not paid and there was no recital sufficient to create a legal obligation to pay the same.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

C. E. POPE, for appellant.

DAN McGLYNN and T. M. WEBB, for appellees.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

This is an appeal from the City Court of East St. Louis, Illinois, from a judgment rendered against appellant for costs. This action was brought upon the following guaranty: "For and in consideration of One Dollar and the making of the within lease by said lessor, we hereby guarantee the payment of the rent and the performance of the covenants by the lessee in the within lease covenanted and agreed in manner and form as in said lease provided.

Witness our hands and seals this 28th day of June, 1911.

STEPHEN LEPAGE,    (SEAL)<br>A. J. CUMMINGS.    (SEAL)"

The foregoing guaranty was written upon a lease executed by appellant to Joseph A. Fansler, bearing date of June 6, 1911.

The declaration is in the usual form and sets forth the substance of the lease and avers that the lease was executed on the 3rd day of July, 1911, and not on the day it bears date. It then alleges that the lessee took possession of the property and failed and neglected to pay the rent, as agreed upon in said lease; and then avers that on the 28th of June, in consideration of making of said lease and one dollar, defendant guarantied to the plaintiff the payment of the rent, etc. Then avers that plaintiff kept and performed all things required of it to be performed in said lease but that the lessee has failed in the payment of nine months' rent at forty dollars per month, and refuses to pay the same and therefore a right of action accrued to plaintiff against the defendants upon the said guaranty. To this declaration two pleas were filed, one of which avers that the guaranty was executed twenty-two days

after the making and delivery of said lease, and after the taking possession of said property by the said lessee, and that no new or additional consideration was paid or given for the execution of the alleged guaranty; and then avers that said guaranty was executed without any actual or lawful consideration. The second plea is one of partial failure of consideration.

The evidence in this case is quite conflicting. That introduced in behalf of appellant tends to show that the lease was not in fact executed or delivered until June 28, 1911, and that the guaranty set forth was entered into by the appellant before the final execution and delivery of the lease. The testimony of appellees tends to show that the lease was executed and delivered on about the 6th day of June and that lessee then entered into the possession of the premises in question, and that the guaranty was not executed until June 28, 1911, and about twenty-two days after the execution of the lease and taking possession of the premises by the tenant Fansler. It further appears from the evidence, and is not disputed, that the one dollar set forth in said guaranty had never been paid.

While several errors have been assigned, we think the whole of them are included in the claims of appellant: First. That it appears from the evidence that the guaranty was executed prior to the final execution and completion of the lease by appellants, and that the making of the lease was a sufficient consideration to support the guaranty. Second. That even if the evidence failed to disclose the execution of the guaranty, prior to the completion and delivery of the lease, that the recited consideration of one dollar contained in the guaranty was valid and sufficient to support the contract.

The case was tried by appellant upon the theory that the guaranty was made before the final delivery of the lease, and the one dollar consideration was sufficient to support the contract. Appellees proceeded upon the theory that the guaranty was executed some

time after the making of the lease and that its execution did not constitute a consideration for the lease, and that the one dollar was never paid or agreed by appellant to be paid, and constituted no consideration. So far as we can see, the rulings of the court, the instructions given and refused were along the respective lines of contention made by the parties so that in the decision of this case, and the several errors assigned, it will only be necessary to determine the foregoing proposition, without taking up and discussing each error, or the instructions given and refused, separately.

The first proposition presented, to wit, as to whether or not the guaranty was made before or after the final completion, execution and delivery of the lease, was one of fact. It is contended by counsel for appellant that in reaching the conclusion it did, the jury necessarily determined that the guaranty was made after the execution and delivery of the lease, but he contends that the verdict was manifestly against the weight of the evidence. It is true that the testimony of appellant alone shows that the lease was prepared at the Milwaukee office of appellant on June 6, 1911, mailed to Mr. Grehl, its agent, at East St. Louis on the 5th of June, and that thereupon Mr. Grehl gave it to Jack Lodge, an employe, to procure the signatures of the lessee and the sureties, and that on June 28th the appellees executed the guaranty and the lessee, Fansler, then took the lease to Mr. Grehl where Fansler also executed it, and that the lease was then returned to the Milwaukee office for the signature of the vice-president, who signed it on the 3rd or 5th of July; that the lessee was then advised of the execution of the lease. Upon the other hand, the testimony of appellees tends to show that the lessee, Fansler, signed the lease on June 6th and took possession of the premises; that afterwards and on June 28th the lease was returned to the lessee to procure some sureties and that the lease was signed by the guarantors on the 28th day of June, 1911, many days after the lessee had

taken possession, and after the execution and delivery of the lease, and that at the time the guarantors signed the lease the name of Henning, vice-president, Stark, secretary, and Fansler were on the lease, and appellees deny that Jack Lodge presented it to them, but say it was presented to them by one Leon Smith and they signed it at the request of Fansler. If the testimony of the witnesses of appellant had been believed by the jury, it was sufficient to warrant a finding that the guaranty was made before the lease was finally executed, but if the testimony of the witnesses for appellees was held by the jury to be more credible, then it was equally warranted in finding that the guaranty was made after the lease had been executed and after the lessee had entered into possession of the premises. The evidence is very conflicting. The jury gave credit to the testimony of the witnesses for appellees, which was sustained by the trial judge in overruling appellant's motion for a new trial. The judge and jury saw the witnesses upon the stand, heard their testimony, observed their conduct and we can see no good reason why the finding of the jury should be disturbed.

It is next insisted by appellant that the one dollar consideration expressed is sufficient to sustain the guaranty. It will be observed that the guaranty does not recite that the consideration had been paid, and the evidence shows that it was not in fact paid. It further appears that the guaranty was signed at the request of lessee, and not appellant, and that neither the appellant nor any of its representatives were present at the time of the signing of the guaranty. It is said that even if not paid it was an obligation of appellant to pay it and that, "The legal effect of the words, 'for and in consideration of one dollar' is a promise on the part of the lessor in case it is not paid at the time of the execution of the guarantee to pay it." We are not able to see upon what principle the appellant could ever be made liable to appellees for the one dollar. The guaranty, upon its face, does not

purport to show that the one dollar was ever received by appellees, and the evidence shows that it was not in fact paid to them, and the guaranty does not in any manner purport to be a promise upon the part of appellant to pay the appellees the one dollar. Suppose that the lessee had paid the rent in full and that the appellees had thereafter demanded payment of the one dollar from appellant, could it be said that appellant would be liable to pay them the one dollar? There is no promise anywhere upon the part of appellant to pay the amount, and the evidence discloses that the appellees signed the guaranty upon the request of the lessee. So we say that there was neither an expressed or implied agreement upon the part of appellant to pay the appellees the one dollar referred to in the guaranty. Counsel for appellant has cited many authorities to show that the consideration of one dollar was sufficient to support a guaranty, notably the case of *Sears v. Swift & Co.*, 66 Ill. App. 496, and cases therein cited, but it will be observed that in the case cited, and the most if not all of the cases referred to by counsel, are cases wherein it is expressed upon the face of the guaranty or instrument that the one dollar consideration had been received or that some other consideration had entered into the contract, in addition to the one dollar recited. If the guaranty had recited the payment of the one dollar, then the appellees would have been estopped from denying its payment, and of impairing the legal effect of its obligation by denying payment. *Stannard v. Aurora, E. & C. Ry. Co.*, 220 Ill. 469. The contract of guaranty relied upon by appellant having been determined by the jury to have been made after the execution and delivery of the lease, and the entering into possession of the premises by the lessee, then before appellees could be made liable it was necessary to first show that some independent consideration other than the lease entered into and formed the basis of the contract. *Bullen v. Morrison*, 98 Ill. App. 669. As it

does not appear from the evidence in this case that any independent consideration was promised or paid, the contract relied upon was wholly without consideration and insufficient to create liability.

We are of the opinion that no reversible error was made in the trial of this case and the judgment of the lower court is affirmed.

*Judgment affirmed.*