## SCHENCK *v.* THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO.

*Directed verdict — Motions by both parties — No request to submit facts to jury — Review on weight of evidence — Adverse possession and prescriptive title — What constitutes — Railroad right of way — Abandonment and nonuser — What constitutes.*

1. Where, at the conclusion of all the evidence in the case, each party requests the court to instruct a verdict in his favor, the parties thereby clothe the court with the functions of a jury. Where plaintiff does not request that the case go to the jury upon the facts, the verdict rendered under the instruction of the court will not be set aside unless clearly against the weight of the evidence.
2. It is not necessary to the acquisition of a right of way by prescription that the occupancy be under color of title.
3. The possession of a right of way that was not permissive, but continuous, open, notorious and exclusive, was necessarily adverse.
4. To constitute an abandonment of a right of way there must be nonuser together with an intention to abandon. The intention can be established by unequivocal and decisive acts clearly indicative thereof.
5. Where a railroad moves its main tracks from a right of way, but continues to use the right of way for railway purposes in storing cars and for access to certain stock pens, nonuser is not established.

(Decided May 28, 1919.)

ERROR: Court of Appeals for Warren county.

*Mr. Patrick Gaynor,* for plaintiff in error.

*Mr. H. N. Quigley* and *Messrs. Eltzroth & Maple,* for defendant in error.

SHOHL, P. J. Plaintiff in error, Cornelia B. E. Schenck, who was likewise plaintiff below, brought an action against the defendant for occupying a

strip of land, used by it for railroad purposes, from March 29, 1913, to the date of the petition in June, 1913.

. The defendant below pleaded, first, the general issue; second, title in it by prescription; and third, want of jurisdiction.

The record shows that in 1866 one C. A. Brown, the then owner of the property in question, gave a mortgage to R. P. Evans, which mortgage remained unpaid until 1872. In 1871 Brown executed a quitclaim deed to a right of way 100 feet wide to The Cincinnati & Springfield Railroad, which contained the proviso: "Whenever the said Railway Company shall abandon the project of constructing said railway, then this release shall be null and void." In 1872 Evans brought suit to foreclose the mortgage. The parties in interest having appeared, a sale of the property was had under orders of the court, and the property was sold unincumbered. The railroad therefore was without any right in the premises, but it and its successors continued to hold, occupy and use them until 1911, a period greatly in excess of the prescriptive statutory period. In 1911 the railroad relocated part of its line between Dayton and Cincinnati, and removed its tracks, ties, etc., from the land in question, which is within the limits of Franklin, Warren county. However, it left two sidetracks on the land, using them to store cars and to load stock in a pen there. The land was always used for railroad purposes. In 1913 part of the main line was destroyed in the flood and the defendant railroad company, the successor of The Cincinnati & Springfield Railroad, returned and relocated its main tracks on

the premises in controversy, in substantially the
same place that they had been originally con-
structed.

At the close of all the evidence the defendant
renewed a motion for an instructed verdict, which
the court then granted.

The record shows:

"At this point, the plaintiff moves the court to
instruct the jury that plaintiff is entitled to a
verdict, and the only thing that they must con-
sider is the amount of damages to which plaintiff
is entitled."

They thereby submitted their case to the court.

Where, at the conclusion of all the evidence in
the case, each party requests the court to instruct
a verdict in his favor, the parties thereby clothe the
court with the function of a jury. (*First National
Bank* v. *Hayes & Sons,* 64 Ohio St., 100.)   The
plaintiff did not request to go to the jury upon the
facts, and the verdict rendered by the jury under
the instruction of the court will not be set aside
by the reviewing court unless clearly against the
weight of the evidence.   This is not inconsistent
with the rule in *Gibbs* v. *Village of Girard,* 88 Ohio
St., 34, because the right of the plaintiff to a
determination by the jury was waived by her when
she joined in the request that the matter be decided
by the court.   *Perkins* v. *Commissioners,* 88 Ohio
St., 495.

On the facts shown in the record, after the sale
of the property in question free from incumbrances,
the railway was without right in the land.   It is
not necessary to the acquisition of a right of way

by prescription that the occupancy be under color of title. *Lessee of Paine et al.* v. *Skinner et al.,* 8 Ohio, 159; *McNeely* v. *Langan,* 22 Ohio St., 32, 37; *Humphries et al.* v. *Huffman et al.,* 33 Ohio St., 395, 403, and *Smith* v. *P., C., C. & St. L. Ry. Co. et al.,* 5 C. C., N. S., 194, 198.

The possession of the railroad was not permissive, but was continuous, open, notorious and exclusive. It was necessarily adverse to the purchaser at the foreclosure sale. *Pavey* v. *Vance et al.,* 56 Ohio St., 162; 2 Corpus Juris, 128, and *James* v. *The I. & St. L. Rd. Co.,* 91 Ill., 554.

The conduct of the defendant does not establish an abandonment of the right of way. That would require nonuser together with an intention to abandon. The intention could be established by unequivocal and decisive acts clearly indicative thereof. *The Cleveland & Pittsburgh Ry. Co. et al.* v. *Ward et al.,* 23 C. C., N. S., 465; 33 Cyc., 221; *People* v. *Southern Pacific Co. et al.,* 172 Cal., 692, 700; *Stannard* v. *Aurora, etc., Ry. Co.,* 220 Ill., 469; *The K. C. & S. E. Ry. Co.* v. *The K. C. & S. W. Ry. Co. et al.,* 129 Mo., 62; *Roby* v. *N. Y. Central, etc., Rd. Co.,* 142 N. Y., 176; *Townsend et al.* v. *Michigan Central Rd. Co. et al.,* 101 Fed. Rep., 757, and 1 Corpus Juris, 8, 9.

Moreover, the record falls short of establishing a case of nonuser. The defendant was using the right of way for railway purposes in storing cars and for access to the stock pen, even though the main track had been moved. (*Cleveland & Pittsburgh Ry. Co.* v. *Ward, supra.*) The plaintiff had never made an entry on the land after 1911. It

remained separated from hers by a fence that stood continuously for over thirty-three years.

The judgment will be affirmed.

*Judgment affirmed.*

CUSHING, J., concurs.

HAMILTON, J., not participating.